**Cynthia Irene BENNETT, Plaintiff in Error,**

v.

**Frank GROTHER, Defendant in Error.**

No. 36129.

Supreme Court of Oklahoma.

March 8, 1955.

Winfield Scott, H. R. Christopher, Enid, for plaintiff in error.

David L. Field, Luther A. Wells, Enid, for defendant in error.

JOHNSON, Chief Justice.

This equitable action was commenced by Cynthia Irene Bennett on the 10th day of April, 1952, against Frank Grother to quiet her alleged fee simple title to certain described property which she allegedly deraigned through warranty deed dated August 1, 1944 from F. A. Byrd and Martha A. Byrd, husband and wife. Frank Grother answered by general denial and cross-petitioned for individual relief and asserted that he was the owner of the land involved by reason of his (and his predecessors' in title) adverse possession, which adverse possession had allegedly continued for a period of more than fifteen years, giving him title by prescription. Both plaintiff and defendant prayed that their title be quieted and that the other be enjoined and barred from claiming any right, title or interest in said property.

The cause was tried on the issue of fact as to adverse possession resulting in a judgment for defendant, from which the plaintiff appeals.

The single issue for determination is: Does the weight of the evidence sustain the trial court's action in holding that the defendant had acquired title by virtue of the 15 year statute of limitations and prescription?

The record discloses that plaintiff was the record owner of lots 14 and 15 in Block 22 of Grother's addition in the original town of Garber, Garfield County, Oklahoma, and through her title and that of her predecessors in title, had owned the lots since 1925 and Frank Grother through his predecessors in title had owned lots 16 and 17 in said addition since 1909, which recorded ownerships are not disputed. The record further shows that a frame residence known as the Grother homestead was located on lot 16 and a portion of lot 15, and was owned and occupied either by Frank Grother's parents or by their tenants since 1909, except such times when the building was vacant; that on June 30, 1952, a survey was made by the

Garfield County Surveyor, which survey disclosed that the Grother residence (homestead) was located on a portion of lots 15 and 16; that prior to the 1952 survey, neither plaintiff nor the defendant nor any predecessor of title knew where the north and south boundary line of lot 15 was situated; that the survey showed the Grother house to be located upon lot 16, and the south 21 feet of lot 15, where it admittedly had been for more than 15 years prior to commencement of this action.

The record further shows that the trial judge, after hearing the evidence in the case and in speaking about the line fence immediately north of the Grother residence, said: "That this line fence has always been there; that was the accepted boundary out there, but the most startling thing is the testimony of Mr. Byrd (the predecessor in title of plaintiff). He never did go into possession of the south 21 feet of lot 15; he always accepted that as the boundary and never attempted to claim under his deed * * *. There is no evidence here at all that the plaintiff, or the grantee or the grantor, ever went into possession of this 21 feet of lot 15."

██ A review of the evidence substantiates the finding of the trial court and convinces us that the judgment in favor of the defendant is not against the clear weight of the evidence.

In Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103, 1104, paragraph 3 of the syllabus, we said:

"Where the owner of a town lot, in ignorance of the true boundary between his lot and the adjoining lot of another party, and under the mistaken belief that it is his property, encroaches on a portion of the adjoining lot and erects a part of a structure thereon, and occupies such portion of said lot and maintains such structure thereon, openly, peaceably, and exclusively for more than 15 years, he acquires title to such portion of the adjoining lot by prescription, sufficient against all. Sec. 11729, O.S.1931, 60 Okl.St.Ann. 333."

To the same effect was the ruling in Walthers v. Tanner, 204 Okl. 598, 233 P.2d 303.

WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.