Herbert WILSON et al., Plaintiffs In Error,

v.

Ruth MOORE, Defendant in Error.

No. 38026.

Supreme Court of Oklahoma.

Jan. 27, 1959.

Rehearing Denied March 3, 1959.

Heber Finch, Jr., R. E. Stephenson, Sapulpa, for plaintiffs in error.

Gordon L. Patten, Tulsa, for defendant in error.

PER CURIAM.

The dispute in these two consolidated actions concerns the boundary between the NE¼ and the NW¼ of Section 1, Township 16 North, Range 12 East, Tulsa County, Oklahoma. Two actions to quiet title were originally instituted against the defendant in error Ruth Moore: one, No. 89172, by the owners of Lot 2, which is the NW¼ of the NE¼, of said section, Harold & Ruby Dye; and the other, No. 89171, by the owners of the SW¼ of the NE¼ of said section, Herbert & Verbal Wilson. The actions were consolidated for trial and have been consolidated for appeal. We shall dispose of both actions in the one opinion, although it will be necessary to refer to each separately.

There is no substantial dispute concerning the material facts. Defendant in error's father acquired the E½ of the NW¼ of this section in 1903, and sometime not long afterwards constructed a fence along the east side of this property. The last described property is west of and adjacent to plaintiffs in error's property. The adjacent owners did not participate in the construction of the fence. This fence row has now grown up in trees, some of which are 14 to 16 inches in diameter, and the elevation of the ground under the fence is higher than that of the adjacent fields due to the cultivation of the soil up to this line for these many years. Not long before these actions were initiated the County Surveyor established the half-section line as being to the east of this fence row. At the NW corner of the Dye property the fence is approximately 18 inches west of the true line and from there it angles to the west so that at the SW corner of the Wilson property the fence is 17½ feet west of the survey line. It is this area between the survey line and the fence which is the subject of the dispute.

Mr. and Mrs. Dye deraign their title to Lot 2 (otherwise described as the NW¼ of the NE¼ of Sec. 1) in the following manner. In 1939 the defendant in error purchased a county commissioner's deed to a portion of Lot 2 abutting and east of her father's property. Thereafter, in 1941, her father purchased a tax deed to the remainder of the abutting property in Lot 2 which he immediately conveyed to defendant in error. In 1945 defendant in error conveyed

to the Dyes the property thus acquired by her in Lot 2. This conveyance was by reference to the section subdivision and no mention was made of the fence. Prior to this conveyance in 1945, however, defendant in error's father had died and she was the owner at that time of the E½ of the NW¼ as well as of the portion of Lot 2 abutting thereon which she conveyed.

Mr. and Mrs. Wilson deraign their title through their grantor who purchased the premises in 1921, and who conveyed to them in 1944. These owners have had actual possession in person or by tenant ever since. Defendant in error or her predecessor does not appear to have ever owned any interest in this tract. In addition, this tract is open farming land which has been actively cultivated up to this fence line ever since its establishment. The Wilsons or their predecessors in title have always had possession of and cultivated this strip of ground in dispute and retained the crops grown thereon.

The trial court entered judgment in favor of defendant in error in both actions determining the boundary of the respective tracts to be the half-section line as surveyed by the County Surveyor. Plaintiffs have appealed.

The Dye Tract:

■■ As to the discrepancy between the survey line and the fence between the Dye property and defendant in error's property, the judgment of the trial court is correct. Since the ownership of this area in dispute, together with the property on both sides thereof, was vested in defendant in error immediately prior to the purchase from her by Mr. and Mrs. Dye of that property in Lot 2, no question of a prescriptive title to the part between the survey line and the fence is presented by the facts. Less than 15 years have expired from the date of purchase, and the deed to Dyes only purported to convey that property in Lot 2. Furthermore there could be no tacking of possession because the defendant in error could not hold adversely to herself. There is no evidence to establish a title to the land up

to the fence in any other manner. Though defendant in error's brother assisted Dye in rebuilding the fence in 1949, Dye did not purchase the property by reference to the fence, and his negotiations with defendant in error's brother while rebuilding the fence after purchasing the property are totally insufficient to establish the fence as the legal boundary of the property. The discrepancy between the fence and the survey line was unknown until after the fence was rebuilt.

The Wilson Tract:

■■ In establishing the survey line as the boundary between the SW¼ of the NE¼ and the SE¼ of the NW¼, the court erred. The undisputed evidence disclosed an actual, open, exclusive, adverse possession by Wilsons' predecessors in title from 1921 until 1944 of all that part of the property lying east of the fence constructed by defendant in error's father. Whatever may have been the original owner's intent when he constructed this fence, the subsequent purchasers of the abutting property have taken possession of this strip, farmed the property up to the fence line, and retained for themselves the crops produced thereon for many years longer than the prescriptive period. If, as testified by defendant in error's brother, Wilson agreed, when the old fence was rebuilt after Wilsons purchased the property, to make a survey of the boundary in the future and to move the fence to this surveyed boundary if different from the existing fence line, this fact, although it conflicts with Wilson's testimony, would not entitle defendant in error to prevail. This was long after the period of limitations had run and it is not sufficient to work an estoppel or create a boundary by agreement. In any event, the fence was rebuilt along the line of the old fence which had been established in 1903, and Wilson continued to cultivate the property and retain the crops up to this boundary. The rule applicable to this factual situation was clearly enunciated in Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103. In that action we held that where an adjoining owner encroaches on a portion of

the adjoining lot and occupies such portion openly, peaceably, and exclusively for more than 15 years, he acquires title by prescription. There we pointed out that possession of the property was the key, and that the possession could have resulted from a mistake or ignorance of the true boundary without affecting the result. Quoting with approval from French v. Pearce, 8 Conn. 439, 21 Am.Dec. 680, we said:

" * * * the intention of the possessor to claim adversely, is an essential ingredient. But the person who enters on land believing and claiming it to be his own, does thus enter and possess. The very nature of the act is an assertion of his own title, and the denial of the title of all others."

Under the rule of the foregoing case and those subsequent thereto, Walthers v. Tanner, 204 Okl. 598, 233 P.2d 303; Bennett v. Grother, Okl., 280 P.2d 1015, title by prescription had been acquired by the Wilsons and their predecessors in title prior to rebuilding the fence, 60 O.S.1951 § 333, and the subsequent discussions concerning the fence or the surveyed line have not altered that situation. The judgment of the court as to this tract is clearly against the weight of the evidence.

The two propositions of defendant in error concerning the sufficiency of process to obtain jurisdiction are without merit. In each answer filed by her there was a prayer for affirmative relief for the removal of the fence from the property which she claimed. This constituted a waiver of any objection to jurisdiction. Shawnee Peanut Co. v. Barkus, 207 Okl. 104, 247 P.2d 875; Taylor v. Enid Nat. Bank, 77 Okl. 74, 186 P. 232.

The judgment of the court determining the boundary to be the survey line between the SW¼ of the NE¼ and the SE¼ of the NW¼ of this section is reversed, with directions to render judgment in favor of the Wilsons determining the fence line to be the boundary. The judgment of the court determining the boundary to be the survey line between Lot 2 and Lot 3 of this section is affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court, and thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.