**P. R. WHYTOCK and Florence Whytock, Plaintiffs in Error,**

v.

**Gordon M. GREEN and Virginia Green, Defendants in Error.**

**No. 40087.**

Supreme Court of Oklahoma.

June 11, 1963.

King & Wadlington, Ada, for plaintiffs in error.

Kerr, Lambert, Conn & Roberts, by R. Burl Harris, Ada, for defendants in error.

BERRY, Justice.

The parties on appeal are in reverse order from their trial court positions and will be referred to as they appeared in the trial court or by name.

This action concerns the title to a strip of land 140 feet in length, three feet nine and one-half inches (3′ 9½″) wide on the south end and two feet six inches (2′ 6″) wide at the north end across the west side of a city lot, same being Lot 27, Block 107 of the original townsite of the City of Ada. Record title to Lot 27 was in defendants, Dr. P. R. Whytock and Florence Whytock, and record title to the adjoining Lot 26 (to the west) was in plaintiffs, Gordon M. Green and Virginia Green. It is the actual location of the boundary between these two lots which is in dispute and as to whether plaintiffs have acquired title to the strip of land heretofore set out, by prescription.

The action arose when the defendants attempted to erect a fence in accord with an engineer's survey. The posts of the fence were erected inside the limits of the area being used by plaintiffs for a driveway and under discussion here. Plaintiffs brought suit for an injunction and to quiet title to this strip of land which was being used by them as a driveway and upon which a part of their garage encroached.

A temporary restraining order was granted by the court and the cause was later tried on the merits. The evidence for the plaintiffs included the testimony of plaintiff Green and his immediate predecessors in title, Mr. and Mrs. Bingham. The evidence for defendants included the testimony of defendant Dr. P. R. Whytock, O. V. (Buddy) Simmons, a neighbor, and certain exhibits. These exhibits consisted of three deeds, two of which concerned a tract which included Lot 26 and one of a tract including Lot 27. The other exhibit was the surveyor's certificate of survey of a tract including Lot 27. The survey certificate reflected that the garage on Lot 26 extended 2.5′ on Lot 27 and one curb of the drive extended 3.8′ over on Lot 27.

Briefly summarized, this evidence disclosed that plaintiffs acquired title to Lot 26 in June, 1961, and that defendants acquired title to Lot 27 November 2, 1949; that defendants procured a survey of Lot 27 in April, 1951, which showed the encroachments in controversy. Plaintiffs were able to delineate their title back to the 1920's and to show the approximate date of construction of the garage, driveway and curb, by their predecessors in title in the 1920's. Plaintiffs' evidence established use of the driveway and garage continuously from the 1920's down to the present. Defendants' evidence tended to show that the plaintiffs recognized and acquiesced in the disputed boundary in accordance with defendants' survey but this evidence was disputed and rebutted by plaintiffs. The attempts to fence along the record boundary by defendants in October, 1961, as we view the record, is the only act by owners of Lot 27 to exclude owners of Lot 26 from exclusive possession of the disputed strip since the 1920's. The record is not clear as to the size of the concrete curbing used to contain the driveway but no contention was made that it was not easily discernible.

Under these facts, the trial court found that these encroachments had been in place for more than the statutory requirement of 15 years; that continuity of title was established under the evidence, and that plaintiffs' possession was "full, peaceful, open, notorious and exclusive" for the required period. The lower court, upon these findings, quieted plaintiffs' title to the aforementioned strip of land and permanently enjoined defendants from interfering with plaintiffs' peaceful enjoyment of the land.

Defendants lodged this appeal as to the court's holding, which included so much of the strip "not covered by the garage building". Defendants concede in their brief that under 60 O.S.1961 § 333, and the cases construing it, the land "which is actually covered by and included in the garage of plaintiffs" is probably lost to defendants.

Defendants do urge, however, that the trial court's holding as to that part of the strip of land which is included in the driveway and not covered by the garage is error for the reason that "there is no proof in this case that when this curb was erected or since then that it was intended to be or to designate or mark a boundary line and the use of the drive by driving automobiles over it did not constitute occupancy and actual adverse possession in itself of all the area included in the driveway and to the west of the curb."

Defendants cite the cases of Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103; Walthers v. Tanner, 204 Okl. 598, 233 P.2d 303; Bennett v. Grother (Okl.), 280 P.2d 1015; Wilson v. Moore (Okl.), 335 P.2d 1085; and Moore v. Chapman (Okl.), 344 P.2d 1100, as supporting this view. A careful analysis of these cases reveals nothing inconsistent with the conclusion reached in the case now before us.

The construction of this curb and its continued duration can only be construed as open, notorious and exclusive exercise of dominion, claim, and ownership of the strip of land in dispute by plaintiffs as opposed and adverse to that of defendants. We have said before in McGrath v. Eichoff, 187 Okl. 64, 100 P.2d 880, and adopted in our holding in Cox v. Kelley, Okl., 295 P.2d 1061, that " 'The law does not attempt to list all of the acts of dominion which may constitute such possession, so that what constitutes adverse possession, like the question of what constitutes negligence, often depends upon the circumstances of the particular case, as measured by the judgment of reasonable men. It has been said that such a determination in a given case must largely depend upon "the situation of the parties, the size and extent of the land, and the purpose for which it is adapted." ' "

The record is clearly persuasive that plaintiffs' predecessor erected a curb along the driveway in the 1920's at the time the garage was built; that the drive was used by all subsequent owners and tenants down to the present in going to and from the ga-

rage. To our minds, these facts certainly indicate an adverse use as is contemplated by the statutes and under our holdings.

We have weighed the evidence and conclude that the trial court's findings are not clearly against the weight of the evidence.

Affirmed.