## GEO. M. PASCHAL & BRO. v. BOHANNAN.

No. 6053—Opinion Filed June 13, 1916.

(158 Pac. 365.)

**1. Appeal and Error—Presentation Below—Motion for New Trial.**

The statutory ground for a new trial, viz., "error of law occurring at the trial and excepted to by the party making the application," will, when embraced in the motion for a new trial. present on appeal any objection or exception properly made and saved during the progress of the trial.

**2. Appeal and Error—Instructions—Exceptions—Sufficiency.**

A general exception to a charge of the court containing several distinct instructions, some of which are correct, is not sufficient to save an exception to any specific instruction.

**3. Chattel Mortgages — Debts Secured—Future Debts.**

A mortgage given to secure a stated indebtedness, and therein stipulating that, should the maker become indebted to the mortgagee in any further sum, the instrument should cover and constitute a lien on the mortgaged property to secure the payment thereof, effectively operates. to secure an open account made while said mortgage was still in force and effect.

**4. Usury—What Constitutes — Forfeiture.**

Two notes in the sum of $150 and $100 were executed to a merchant, and in lieu thereof the maker received two coupon books for $132 and $88, respectively, to be traded out in the merchant's store. Each of said notes matured in less than a year from the dates of execution. Held. the notes were usurious, and there was forfeited to the maker the sum of $60. being twice the amount of the usury charged.

(Syllabus by Mathews, C.)

Error from County Court, Cotton County; Austin Aikins, Judge.

Action by Geo. M. Paschal & Bro.. a copartnership. against H. C. Bohannan. Judgment for defendant. and plaintiff brings error. Reversed and remanded.

R. H. Galven, for plaintiff in error.

Morris. Norman & Plater, for defendant in error.

Opinion by MATHEWS. C. The parties will be designated as in the trial court. This was a replevin action instituted in the county court of Cotton county wherein plaintiff sought to obtain possession of certain personal property mortgaged to the firm by the defendant to secure the payment of two certain notes and an open account. An order of replevin was issued and the property taken by the sheriff, and after holding the same for the statutory time, no redelivery bond having been made, the same was delivered to the plaintiff. The mortgaged property having been advertised for sale as provided by law, the defendant obtained an order from the district court, under section 4026, Rev. Laws 1910, enjoining them from foreclosing their mortgage by advertisement. Defendant in his answer pleaded payment, and in his cross-petition asked for judgment against plaintiff for $13.66, which he claimed was overpayment, and further alleged that plaintiff had charged him the sum of $30 as interest on the notes, which he claimed was at a usurious rate, and he prayed for judgment for double that amount, in the sum of $60. Defendant asked for further judgment in the sum of $100 as a penalty for failing and refusing to release the two chattel mortgages of record, for $100 as damages for the taking of the mortgaged property under the replevin writ. and also asked for the return of the property and for $50 attorney fee for the defense of the action.

The plaintiff filed a motion for judgment upon the pleadings. which motion was overruled. and exceptions saved. The case was tried to a jury. which returned a judgment in favor of defendant as follows:

We, the jury impaneled and sworn in the above-entitled cause, do upon our oaths find for the defendant, and fix the amount of damage recovery of $326.91, as follows:

| | |
|---|---:|
| Penalty for not releasing mortgage | $100.00 |
| Damage for unlawful taking team and wagon | 100.00 |
| Attorney's fee | 50.00 |
| Return mules, wagon, or equivalent | 210.00 |
| | $460.00 |
| Less bal. on open account | 133.09 |

Judgment was entered in accordance with the verdict. the motion for new trial was overruled, and this appeal perfected.

The motion for a new trial was. in the main. in the language of the statute, and defendant urges that the same was insufficient, citing Walter A. Wood Co. v. Farnham. 1 Okla. 375. 33 Pac. 867. This exact question was recently passed on in the case of the First National Bank of Wetumka v. Nolen: 59 Okla., 157 Pac. 754, and it was there held that the statutory ground for a new trial. viz., "error of law occurring at the trial and excepted to by the party making the application," will, when embraced

in the motion for a new trial, present on appeal any objection or exception properly made and saved during the progress of the trial. We do not commend this practice, and believe that the complaining party should be required to point out specifically the ruling of the trial court complained of, but the same has been approved by this court ever since the adoption of the Kansas procedure in early territorial days.

The only exception to the court's charge appears at the end thereof in these words, "to all of which the plaintiff excepted." It has long since become the settled law of this jurisdiction that a general exception to a charge of the court containing several distinct instructions, some of which are correct, is not sufficient to save an exception to any specific instruction. Shelby v. Shaner. 28 Okla. 605, 115 Pac. 785, 34 L. R. A. (N. S.) 621; Johnson v. Johnson, 43 Okla. 582, 143 Pac. 670. Section 5003, Rev. Laws 1910, provides such a simple method for reserving exceptions to the court's instructions we are unable to understand why attorneys so often fail to properly save such exceptions. However, an examination of the court's instructions does not reveal any substantial error therein, and, even if there was, the same could not avail plaintiff here for the above reason. So the only question properly before us is: Do the pleadings and evidence sustain the verdict? After an examination of the same we conclude that neither, the pleadings nor the evidence justify the verdict.

The evidence in the case shows that the plaintiffs were merchants in the town of Walters, and the defendant a farmer near there; that on February 12, 1912, he gave plaintiffs a note for $150, secured by a chattel mortgage, and received therefor a book which contained coupons in the sum of $132, which entitled the defendant to purchase articles from plaintiffs' store to the amount of $132, and to pay for the same with these coupons. On May 17, 1912, he executed a second note to them for $100, secured by chattel mortgage, and received a coupon book for $88, to be traded out as in the first instance. On May 26, 1912, defendant began trading in plaintiffs' store on an open account, and by November following the account amounted to $138.55. Each of the chattel mortgages contained the following provision:

"It is understood and agreed that, should the undersigned become indebted to the said Geo. M. Paschal & Bro. in any other sum or sums of money in addition to that above mentioned, this conveyance shall and does cover and constitute a lien on all the above-described property, to secure the payment of any and all such renewals or additional sum or sums, and shall be as binding against the property hereinabove conveyed as if such renewals or additional sum or sums were described in accurate detail herein."

During the fall of 1912 the defendant made several payments in cash and produce to plaintiffs in the total sum of $225.46. These cash payments were applied first to the liquidation of the open account and next to the payment of the $100 note.

It appears that the misunderstanding between the parties arose as to whether the payments should be credited on the notes or the open account; the defendant contending that he directed the payments made by him to be credited on the notes, and plaintiffs contended that they had no such instruction from defendant. Defendant further contended that the two chattel mortgages given by him to plaintiffs did not cover the open account. On the 8th day of March, 1913, the defendant caused a written notice to be served on plaintiffs wherein it was set out that defendant had paid the two notes of $150 and $100, respectively, by paying in cash and produce the sum of $225.46, and the sum of $30, which he claimed credit for upon the ground that it was a usurious charge of interest upon the two notes, and further demanded that they file a release of said mortgages with the proper officer showing payment in full of the indebtedness secured thereby.

A mortgage given to secure a stated indebtedness, and therein stipulated that, should the maker become indebted to the mortgagee in any further sum, the instrument should cover and constitute a lien on the mortgaged property to secure the payment thereof, effectively operates to secure an open account made while said mortgage was still in force and effect. Davis v. Carlisle, 5 Ind. T. 83, 82 S. W. 682.

We gather from some of the evidence in the case that the supposition of defendant that the chattel mortgage did not cover the open account may be based upon the contention that the defendant is illiterate and unable to read, and was not informed that such a clause was contained in the mortgage. If the defense of fraud is available to defendant, it must be first pleaded and then proven, neither of which was done in this case.

It appears, then, that plaintiffs' mortgage was in full force and unsatisfied, and covered the open account as well as the notes, and both were due and payable. It then becomes immaterial whether the payments were credited on the notes or the open account. While the defendant had the right, upon making a timely request, to have the payments made by him credited on the notes

instead of on the open account, yet, had this in fact been done, it could not have availed defendant here, and the failure to so apply the payments can in no way prejudice the rights of the defendant. He was not entitled to have the mortgages released and satisfied of record until the notes and account were paid in full. He admits in his pleadings and his evidence that the account was not paid. Therefore, the same being due at the time of the institution of this action and the replevying of the property covered by the mortgages, the plaintiffs were entitled to the possession of the same, so that it might be sold as provided by section 4027, Rev. Laws 1910, and the proceeds applied to the payment of the indebtedness secured thereby. As plaintiffs were entitled to the possession of the property, it follows that defendant was not entitled to any damage on account of the loss of its possession or attorney fees in defense of the suit. Neither was he entitled to a release of the mortgage until the same was fully paid, or to damages for failure to release the same upon notice. The only penalty or damage defendant is legally entitled to is the sum of $60, being twice the amount of the usurious charge made upon the notes. Plaintiffs cannot do indirectly what the law will not permit them to do directly, and they will not be permitted to use the coupon book system as a cloak for usury. The two notes became due on the 1st day of October, 1912, and the charge of $18 and $12 thereon as interest was usurious.

There were many other errors committed at the trial of this case. The jury allowed defendant $50 for an attorney fee. The evidence is silent as to whether or not the defendant employed an attorney, as well as to the amount contracted to be paid for his services, or the value of the same.

The only evidence introduced by defendant tending to prove what sum in money he was damaged on account of the property being replevied from him was as follows:

"Q. What amount of money, if any, is reasonably necessary to compensate you for the damage done you? A. Well, I would hate to say too much, but I would not want to be in that shape again for $100."

Such evidence does not prove anything.

The jury allowed defendant the sum of $210 as the equivalent of the mules and wagon taken from him by replevin. There was no evidence at all introduced as to the value of this property, and the jury had nothing upon which to base such a finding.

For the reasons given, we recommend that the judgment be reversed and remanded for a new trial.

By the Court: It is so ordered.