**FIRST NAT. BANK OF TULSA v. SCOTT, Sheriff, et al.**

No. 15544—Opinion Filed Dec. 8, 1925.

Rehearing Denied Sept. 14, 1926.

**Mortgages—Foreclosure of Deed of Trust—Decree for Payment of Taxes "Legally Due or Owing."**

In a decree of court foreclosing a deed of trust to real property, providing for the payment of all ad valorem taxes on said property "legally due or owing", the same has reference to the taxes that are "legally due or owing" at the time of the sale under the decree of foreclosure; and the term "legally due or owing" refers to the time when the taxes on real property become due or owing under the statute.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Proceeding by First National Bank of Tulsa, Okla., against C. W. Scott, Sheriff of Pawnee County, Okla., and Poe & Lundy. Judgment for defendants, and plaintiff appeals. Affirmed, with directions.

Christy Russell, for plaintiff in error.

John Strosnyder, John E. Curran, and Robert E. Morgan, for defendants in error.

Opinion by JARMAN, C.  P. E. McGee, trustee, commenced an action in the district court of Pawnee county, against the Great American Refining Company, to foreclose a deed of trust to certain described property, and on March 24, 1923, a decree of foreclosure was rendered, and, among other things, directed that the proceeds derived from the sale of the property be applied:

"(d)     To the payment of all ad valorem taxes legally assessed against the above property or any part thereof and legally due, owing or delinquent, together with any penalties. * * *"

Pursuant to the decree, said property was sold on August 20, 1923, by C. W. Scott, sheriff of Pawnee county, to the First National Bank of Tulsa for the sum of $23,335, which was paid by the purchaser to the sheriff, and on August 23, 1923, the sale was duly confirmed by the court, and sheriff's deed was executed and delivered, conveying said property to the purchaser.

A portion of the proceeds derived from the sale of said property was delivered by the sheriff to Poe & Lundy, attorneys for the plaintiff. Thereafter, the First National Bank, purchaser, filed an application with the court setting up that the taxes assessed against said property for the year 1923 had not been paid as required by the judgment and decree of the court foreclosing the deed of trust, and asked for a rule on the sheriff and Poe & Lundy, as attorneys for the plaintiff, who had received a portion of the proceeds of the sale, to forthwith pay the taxes assessed against the property for 1923, or show cause why they should not be required to pay said taxes. An order to this effect was issued by the court, and the

sheriff filed a response, denying that the taxes for 1923 were to be paid out of the proceeds of the sale; and Poe & Lundy filed a response, alleging that they did not have in their hands any moneys derived from the sale of said property, and alleging further, in substance, that the taxes for 1923 should not be paid out of the proceeds of the sale.

Upon a hearing being had, the trial court held that the funds in the hands of the respondents were not subject to be applied to the payment of the taxes for 1923, and denied the application of the First National Bank, purchaser; and from this judgment, the applicant brings error.

It is the contention of the applicant that, on August 20, 1923, the date of the sheriff's sale, the taxes for 1923 were due and owing, although not delinquent nor collectible, and that, under the decree of foreclosure directing that the proceeds from the sale of the property be applied to the payment of taxes legally due, owing or delinquent, the proceeds should be applied to the payment of said taxes. Otherwise stated, the applicant contends that the taxes are owing from the time the same are legally assessed, as of January 1st.

We cannot agree with applicant's contention. This property was assessed as real estate and was on the tax rolls as such at the time the decree of foreclosure was entered. It must be presumed that the trial court had in mind the statute with respect to the payment of taxes on real property at the time the decree was entered. Section 9666, C. S. 1921, provides that the county assessor shall on the 15th day of January of each year proceed to make a list of all taxable property in the county, and assess the value thereof as of January 1st. Section 9719, C. S. 1921, provides that one-half of all taxes levied upon an advalorem basis shall become due on the 1st day of November, and unless said one-half of the taxes so levied shall be paid on or before the 1st day of January, the entire tax levied for such fiscal year shall become delinquent on said date; that if the first half of the taxes shall have been paid on or before the 1st day of January, the second half shall become delinquent on the 15th of June thereafter. We have no statute accelerating the time of payment of taxes on real property, where the same is sold, such as we have with reference to the sale of personal property. Section 9784, C. S. 1921, provides that as between grantor and grantee of any land, where there is no express agreement as to who shall pay the taxes, the taxes shall become a lien on such land on the 15th day

of October of each year, and if such real estate is conveyed after that date the grantor shall pay the taxes, and if conveyed prior to that date the grantee shall pay the taxes. Clearly, it is the import of the statute, with respect to taxes on real property, that the same shall not become a lien thereon until they are due, and section 9719, supra, fixes the time when such taxes shall become due, to wit, November 1st for the first half, etc.; and the date when such taxes shall become due under the statute applies to all cases except where the land is sold by its owner, and then the taxes become a lien on the land on the 15th day of October.

At the time of the sale of the property in question, August 20, 1923, the same being real property, the taxes were not a lien thereon and the same were not due, owing or delinquent at that time. It would be unreasonable to attempt to impress a greater burden upon the proceeds derived from the sale of real property by a decree of court with reference to the payment of taxes than that imposed by statute.

Applicant cites and relies upon sections 9602, 9605 and 9793, C. S. 1921, as sustaining its contention. Section 9602 has reference to personal property only, and provides that where the same is seized by attachment, execution or chattel mortgage, as to take all the property liable to execution without leaving a sufficient amount exempt from levy and sale to pay the taxes, then the tax on the property shall at once become due and be paid from the proceeds of the sale of the attached property. Section 9605 also deals exclusively with personal property and provides that if such property shall be sold, seized, or attempted to be removed, the taxes shall at once become due and payable. Section 9793 likewise deals exclusively with and has application to personal property, and provides that where such property is sold at public sale or under order of the court after the 1st day of January, it shall be the duty of the clerk of the sale or the officer making the sale to pay the taxes on said property. As above stated, we have no such provisions with reference to the taxes on real property. The reason of this is that real property is fixed and stable and cannot be removed or disposed of.

After the property was purchased by the applicant, it made application to the board of county commissioners for a correction of the assessment of said property, and procured an order causing said property to be assessed on the basis of two-fifths personal and three-fifths real estate. Under the stat-

ute, supra, the taxes on personal property became due and payable and were owing when the sale was made by the sheriff; however, the applicant, who purchased the property, could not by his own act change the character of the property for assessment purposes, so as to impress a different burden on the property than was provided for and contemplated by the court at the time of entering the decree.

The applicant contends that the term, "legally due and owing," has a fixed and definite meaning, and that all taxes are "due and owing", although the same may not be collectible, from the time the property is legally assessed, and cite in support thereof State of New Jersey v. Anderson, 51 L. Ed. 284, and In re Flynn, 134 Fed. 145.

In the Anderson Case, the state board of assessors of New Jersey assessed against the Cosmopolitan Power Company a franchise tax on the outstanding capital stock of the company in the sum of $2,500. The company was adjudicated a bankrupt, and on February 12, 1904, the state of New Jersey filed its motion before the referee for payment of said taxes as a preferential debt, which was disallowed, and the district court affirmed the order of the referee. Upon appeal, the Circuit Court of Appeals allowed the taxes claimed, as a general debt, from which an appeal was taken to the Supreme Court of the United States. As stated in the opinion of Mr. Justice Day, the statute of the state of New Jersey requires corporations to make return to the state board of assessors on or before the first Tuesday in May of each year, and to pay an annual license fee or franchise tax of a certain per cent. on its capital stock issued and outstanding on January 1st of each year; that in case the corporation shall fail to make return, the state board shall ascertain and fix the amount of the annual license fee or franchise tax, and shall report to the comptroller on or before the first Monday in June the basis and amount of the tax return by each company to, or ascertained by, the board, which **shall** then become due and payable. The court held that, under the provisions of the statute of the state of New Jersey, the franchise tax against the Cosmopolitan Power Company was due and payable, within the meaning of the bankrupt law governing the payment of taxes, as set forth in section 64A, Act of 1898 (30 Stat. at L. 563, ch. 541, U. S. Comp. Stat. 1901, page 3447) providing that:

"The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, state, county, district or municipality in advance of the payment of dividends to creditors. * * *"

The franchise tax was due and payable under the terms of the bankrupt law by virtue of the provisions of the statutes of the state of New Jersey making the same due and payable.

In the Flynn Case certain personal property of the bankrupt was assessed by the city of Lynn, Mass., and the bankrupt sought to have the court decree that the proceeds derived from the sale of the personal property should not be applied to the payment of the city tax. In commenting on this question. the court in the body of the opinion uses the following language:

"Under the statute of Massachusetts, I think that the tax here in question became 'legally due and owing' May 1, 1899, though not payable until after adjudication."

It is clear that the court based its holding that said taxes became legally due and owing, under the provisions of the bankrupt law, upon the statute of the state of Massachusetts making said taxes due and payable.

The evidence showed that taxes for 1922, to the amount of $106, had not been paid, and the applicant amended its application to include this amount. For the reasons heretofore given, the 1922 taxes were not only due and payable, but were delinquent at the time of the sale; and the trial court should have required the respondents to pay the unpaid portion of the 1922 taxes on said property.

For the reasons given, the judgment of the trial court is affirmed, with directions to require respondents to pay the balance of $106, and interest due on the 1922 taxes.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1645.