**UNITED STATES of America,**
**Appellant,**

v.

**OKLAHOMA NATURAL GAS COMPANY, a corporation, Appellee.**

**No. 6418.**

United States Court of Appeals
Tenth Circuit.

Dec. 21, 1960.

Douglas A. Kahn, Atty., Dept. of Justice, Washington, D. C. (Robert S. Rizley, U. S. Atty., Tulsa, Okl., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for appellant.

John S. Carlson, Tulsa, Okl. (John L. Arrington, Jr., Robert W. Langholz, Sam P. Daniel, Jr., and Carlson, Lupardus, Matthews, Holliman & Huffman, Tulsa, Okl., were with him on the brief), for appellee.

Before BRATTON, PICKETT, and BREITENSTEIN, Circuit Judges.

BRATTON, Circuit Judge.

The question upon which this case turns is the date on which a taxpayer in Oklahoma which keeps its books and files its federal income tax returns on a fiscal year accrual basis may accrue for federal income tax purposes ad valorem taxes levied on its personal and real property pursuant to state law.

Oklahoma Natural Gas Company, hereinafter referred to as the taxpayer, is engaged in the production and distribution of natural gas in Oklahoma; and it keeps its books and files its income tax returns on a fiscal year accrual basis. Its fiscal year commences September 1 and terminates August 31 of the following year. In its income tax return for the fiscal year beginning September 1, 1953, and terminating August 31, 1954, it claimed as a deduction from gross income ad valorem taxes on its personal and real property located in that state on the basis of the assessment made on January 1, 1953. Later, it determined that ad valorem taxes based on the assessment of January 1, 1954, should have been deducted. Treating the latter figure as the correct basis for the deduction, the taxpayer filed a claim for a refund. The claim was denied; this action to recover the fund was instituted; issues were joined; judgment was rendered for the taxpayer; and the case came here on appeal.

With exceptions having no present material bearing, section 23(c) of

the Internal Revenue Code of 1939, 26 U.S.C. § 23(c), provides that in computing net income there shall be allowed as a deduction taxes paid or accrued within the taxable year. Under Oklahoma law, all taxable personal property except unmanufactured farm products is listed and assessed annually for purposes of ad valorem taxes in the name of the owner thereof as of January 1. 68 O.S.1951 § 15.8. After certain prescribed intermediate procedural steps have been taken, including the making of the levy, the taxes become due and payable on November 1 following. 68 O.S.1951 § 351. While taxes due from a person on personal property constitute a lien for a period of two years on real property owned by such person in the county where the taxes were levied, or in any other county to which such taxes have been certified, 68 O.S.1951 § 353, our attention has not been directed to any statute which provides that unpaid taxes levied upon personal property shall constitute a lien on such property from the date of the assessment. But the owner of taxable personal property on January 1 is personally liable for the taxes assessed as of that date. Van Hoozer v. Myers, 98 Okl. 243, 224 P. 977. In re Assessment of Alleged Omitted Property, 177 Okl. 74, 58 P.2d 134.

█ It is the general contemplation of revenue legislation that income shall be computed for annual periods. And it is a general principle of universal recognition that if a taxpayer keeps its books and records and reports its income on the accrual basis, income is to be taken into account in the year in which it is realized, even though it is not then actually received; and that deductions from gross income are to be taken in the year in which the deductible items are incurred. United States v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347; Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725. Here, the taxpayer kept its books and records and

made its income tax returns on the accrual basis. Its personal property was properly assessed for ad valorem taxes levied pursuant to state law as of January 1, 1954. That was the only assessment made during the tax year in question. The taxpayer became personally liable for the tax based upon such assessment. And the only way in which the liability could be extinguished or discharged was payment of the tax. While the tax did not become due and payable until after expiration of the tax year, all of the facts giving rise to the liability for the tax occurred during the tax year; such facts became final during the tax year; and although the exact amount of the tax was not known with mathematical certainty, it was fairly susceptible of estimate with reasonable accuracy. It is clear that for purposes of taxation of net income on the accrual basis, the tax was deductible from gross income for the year beginning September 1, 1953, and terminating August 31, 1954. Harrold v. Commissioner of Internal Revenue, 4 Cir., 192 F.2d 1002.

█ Real property in Oklahoma is also assessed annually for purposes of ad valorem taxes as of January 1. 68 O.S. 1951 § 15.8. And taxes on real property in that state also become due and payable on November 1, following the assessment. 68 O.S.1951 § 351. But unlike the owner of personal property, the owner of real property is not liable personally for ad valorem taxes levied upon such property. Allen v. Henshaw, 197 Okl. 123, 168 P.2d 625; McDonald v. Duckworth, 197 Okl. 576, 173 P.2d 436.

██ While the owner of real property in Oklahoma is not personally liable for ad valorem taxes levied upon such property, it is provided by statute in that state that taxes on real property constitute a perpetual lien. 68 O.S.1951 § 353. But such taxes are not collectible until they become due and the statutory lien is not enforceable until they become delinquent. First National Bank of

Tulsa v. Scott, 119 Okl. 106, 249 P. 282. Of course, that is after the making of the assessment of January 1. But the liability of real property for ad valorem taxes arises as of January 1. Though it may be an inchoate charge on that date which does not mature until the extent of the liability is ascertained by the statutory process, when the amount is ascertained through such process, it relates back to January 1 and continues until it ripens into a statutory lien. In other words, the charge upon the real property in the nature of an in rem liability arises on January 1 and continues until the tax is ascertained in amount, ripens into a statutory lien, and is paid. The amount of the tax on the real property of the taxpayer was susceptible of estimate with reasonable accuracy; and since the taxpayer kept its books and records and reported its income on the accrual basis, the tax on the real property as of January 1, 1954, was a deductible item in ascertaining net income for the year beginning September 1, 1953, and terminating August 31, 1954.

We are not unmindful of Noble v. Jones, D.C., 45 F.Supp. 504. That case involved the right of a purchaser of real estate in Oklahoma to deduct from gross income ad valorem taxes paid on real estate purchased during the tax year. There was no agreement between the parties respecting payment of taxes. The pertinent statute which is now 68 O.S. 1951 § 15.5 provides that in such circumstances taxes on real estate shall become a lien on the first day of October; that if the real estate is conveyed after that date, the grantor shall pay the taxes; and that if conveyed prior thereto, the grantee shall pay them. Treating the statute as decisive, the court determined the rights of the parties accordingly. This case is entirely different in all of its decisive aspects.

The judgment is affirmed.