**WARWICK ESTATES ASSOCIATION, INC., Appellee,**

v.

**Ronald L. ANDERSON, Appellant.**

**No. 69877.**

Court of Appeals of Oklahoma, Division No. 3.

Sept. 19, 1989.

Alvin R. Leonard, Oklahoma City, for appellant.

David A. Walker and David D. Wilson, Oklahoma City, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellant seeks review of the Trial Court's order granting summary judgment to Appellee in Appellee's action to recover unpaid homeowner's association dues and for foreclosure of lien therefor. In this appeal, Appellant asserts that he was given no notice of the nature and extent of his potential liability for non-payment of owners association dues as required by 60 O.S. 1981 § 852, and that therefore the Trial Court's judgment for Appellee owners association is in error.

In 1977, the developer of a platted sub-division in Oklahoma City filed a Declaration of Covenants, Conditions and Restrictions establishing the Warwick Estates Association, Inc., (Appellee or Association), an owners association, to maintain the common areas within the subdivision for the benefit of all residents. The covenants provided that all residents became members of the Association upon purchase of property within the subdivision. The operation of the Association was to be funded by "dues" paid by resident-members.

In 1984, Appellant purchased a home within the subdivision, but thereafter paid no Association dues. In 1987, Appellee filed a lien on Appellant's property for the unpaid dues, and commenced an action for recovery of the unpaid dues, and for foreclosure of the lien. Appellant filed his counter-claim against Appellee for slander of title by the filing of the dues' lien.

Appellee later moved for summary judgment, asserting the validity of its dues assessment and lien therefor under 60 O.S. 1981 § 851 et seq., and that Appellant had actual and constructive notice of the nature of and dues obligations to the Association by virtue of the filing of record of the declarations. Appellee responded, asserting that he had received no written notice of the terms and conditions of the Association as required by 60 O.S.1981 § 852, supra. The Trial Court granted summary judgment to Appellee on its claim for dues and foreclosure of lien, granted attorneys' fees to Appellee, and dismissed Appellant's counter-claim.

In his first proposition of error, Appellant asserts that because he had no written notice of the nature and extent of the Association dues obligation as required by statute, he cannot not now be held liable for non-payment of dues, and that Appellee is not entitled to foreclosure of its lien. The statute in effect at the time of the creation of the owners association and acquisition of property within the subdivision by Appellant provided:

> An owners association may be formed by the owner or owners of *real estate development* for the purpose of:
>
> 1. providing management, maintenance, preservation and control of commonly owned areas ..., and/or
>
> 2. enforcing all mutual, common or reciprocal interests in or restrictions upon all or portions of such separately owned lots, parcels, or areas, or both.
>
> . . . . .
>
> ... [N]o lien may be placed or mortgage foreclosed [to enforce an obligation to the owners association] unless the homeowner was informed in writing upon joining the owners association of the existence and content of the owners association restrictions and rules, and of the potential financial liability to the individual owner by joining said owners association.

60 O.S.1981 § 852, now see, 60 O.S.1986 Supp. § 852.

In his second proposition, Appellant asserts that Appellee is also estopped to assert its claim because Appellee did not give the statutorily required written notice at the

time of closing when requested for a statement of any outstanding dues. Appellee answers, asserting that Appellant was on constructive notice of the rules of the association by virtue of the filing of the declarations in the Oklahoma County Clerk's office. 16 O.S.1981 § 16. Appellee further asserts that Appellant was on notice of the declarations by accepting the deed on his property "subject to ... restrictive covenants ... of record."

We find no Oklahoma cases interpreting § 852 or its nearly-identical successor, § 852(C). However, as a matter of statutory construction, we believe that the legislature's use of the words "owners of real estate development," as that term is defined in 60 O.S.1981 § 851, must necessarily limit the class of persons entitled to written notice by operation of § 852. We believe and so hold that the class of persons entitled to "written" notice under the statute are those first lot owners who, comprising the "owners of real estate development," initially formed and established the association, and placed the association in operation. After formation of the association and initial sales of lots within the subdivision, by operation of statute, subsequent purchasers are deemed to have constructive notice of the terms and conditions of association membership by virtue of filing of the covenants, rules and regulations pertaining to the operation of and liability to the association. 16 O.S.1981 § 16, supra.

This construction recognizes the realities of real estate development generally. Clearly, an owners association would have little or no way to identify potential buyers of property within the association's jurisdiction, unless expressly informed by the seller/resident-member. A seller/resident-member has little to gain and much to lose by informing a potential buyer of added owner's association obligations; indeed, such a revelation may cost the resident-member the sale of the property. Thus, and by imposing on potential buyers constructive notice of the owners association's existence and obligations by virtue of the filing in the County records, a prospective buyer on constructive notice of the association obligations may then make an intelli-

gent decision to purchase subject to the association assessments or not. We therefore hold that a purchaser of property which has previously been subjected to owners' association assessments may not avoid liability to the association due to lack of "written" notice of the obligations to the association when the terms and conditions of association membership have been filed with the County Clerk.

In the case before us, and under our previous construction of § 852, Appellant was not one of the first lot owners that established the owners association so as to be a member of the class of owners protected by the "written" notice requirement. As a subsequent purchaser, Appellant was clearly on contructive notice of the terms and conditions of the owners association rules by operation of 16 O.S.1981 § 16. Alternatively, Appellant admits that the owners association was contacted previous to closing of the sale to Appellant to insure that no dues assessments or liens remained outstanding, and to provide a certificate thereof. Thus, and notwithstanding our previous holding, we further believe this statement from the Association was a sufficient "writing" under § 852 to, at the very least, put Appellant on inquiry of the terms and conditions of the Association rules, and any potential dues obligation arising thereunder. See also, 25 O.S.1981 §§ 10–13. Appellant was and is thereafter charged with notice of the terms, conditions and obligations of the owners association membership, which an inquiry would have revealed. 25 O.S.1981 § 13. Appellant may not therefore complain of lack of written notice of the terms and conditions of the owners association obligations, and Appellee is not estopped to assert its claims therefor.

The order of the Trial Court granting summary judgment to Appellee is therefore AFFIRMED.

HANSEN, P.J., and REYNOLDS, J., concur.