2002 OK CIV APP 67

FALCONHEAD PROPERTY OWNERS ASSOCIATION, INC., an Oklahoma non-profit corporation, Plaintiff/Appellee,

v.

Lucille W. FREDRICKSON, Defendant/Appellant.

No. 96,354.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 12, 2002.

Rehearing Denied May 24, 2002.

Kenneth L. Delashaw, Jr., Marietta, OK, for Plaintiff/Appellee.

Kirk D. Fredrickson, Oklahoma City, OK, for Defendant/Appellant.

### OPINION

CARL B. JONES, Judge:

¶1 Plaintiff, Falconhead Owners Property Association, Inc. ("Association"), filed a Small Claim Affidavit on March 23, 2001, against Defendant, Lucille W. Fredrickson, in the District Court of Love County. Defendant is a non-resident owner of a lot in the Association's Falconhead Resort in Love County, having acquired title to her property on May 3, 1994. The Affidavit alleged that Defendant's lot was subject to a covenant titled "Dedication," recorded in the Love County Clerk's Office, which created an obligation on the part of lot owners to pay periodic fees to maintain the common facilities of Falconhead. Defendant's predecessor in interest bound itself to the Dedication upon contracting to purchase the property in 1971. The Association sought $2,396.25 from Defendant for past due monthly maintenance fees, interest and service charges.

¶2 After a bench trial was conducted on April 26, 2001, the court entered judg-ment for Association in the amount of $2,396.25, plus costs. No stenographic record was made of the proceedings and no exhibits were introduced at trial. Furthermore, Defendant did not prepare a narrative statement in lieu of transcript for use in this appeal. *See* Rule 1.30 of the *Oklahoma Supreme Court Rules,* 12 O.S. Supp.1997, Ch. 15, App. The trial court overruled Defendant's motion for new trial.[1]

¶3 On appeal, Defendant contends that (1) Association's right to recover past due charges is limited by statute to enforcement of a lien filed against the subject property, (2) any recovery is limited by a three, rather than five, year statute of limitations, (3) Association is limited by law to assess interest on any past due charges at the rate of six percent per annum, and (4) Association is not entitled to recover "service charges." Both parties request appeal related attorney's fees.

¶4 Initially, we reiterate that the record is devoid of evidentiary matter adduced at trial and the trial court's journal entry of judgment does not contain specific findings of fact and conclusions of law. This court has no way of determining—aside from speculation—what statute of limitations the trial court applied in this case, what interest rate, if any, was allowed on Defendant's outstanding debt or whether any "service charges" were included in the court's award. "It is the duty of the appealing party to procure a record that is sufficient to obtain the corrective relief sought." *Chamberlin v. Chamberlin,* 1986 OK 30, ¶7, 720 P.2d 721, 724. "Error may not be presumed from a silent record. It must be affirmatively demonstrated." *Eckel v. Adair,* 1984 OK 86, ¶7, 698 P.2d 921, 924. "When, as here, the meager record presented does not support the error alleged in appellant's brief, the trial court's judgment cannot be disturbed. It is presumed correct until the contrary has been shown by the record." *Hamid v. Sew Original,* 1982 OK 46, ¶7, 645 P.2d 496, 497.

---

1. In her motion for new trial, Defendant requested that the court enter a formal journal entry of judgment with written findings of fact and conclusions of law pursuant to 12 O.S.1991 § 611. Although the trial court did not reduce its find-ings and conclusions to writing, Defendant has not briefed this issue on appeal. Accordingly, this issue is treated as waived. *Peters v. Golden Oil Co.,* 1979 OK 123, ¶3, 600 P.2d 330, 331.

Having no record to the contrary, we must presume the trial court's judgment was correct as to Defendant's second, third and fourth propositions of error.

¶5 Regarding the only remaining proposition of error, Defendant contends that the power of Association to impose fees is derived from the Real Estate Development Act, 60 O.S.1991 § 851 et seq., and that the language of § 852(C) limits recovery of any assessments to lien foreclosure actions. We disagree. First, § 852(C) states that assessments "may" become a lien upon the lots of defaulting owners and that such liens "may" be foreclosed upon. The use of the word "may," rather than the word "shall," usually connotes that conduct or actions are permissive or discretional and not mandatory. State ex rel. Cartwright v. Okla. Nat'l Gas Co., 1982 OK 11, ¶8, 640 P.2d 1341, 1345; Shea v. Shea, 1975 OK 90, ¶10, 537 P.2d 417, 418. More importantly, § 855 of the Act states, "The powers granted the owners association under this act shall apply only to owners associations created subsequent to the effective date of this act." The Act became effective on June 5, 1975. Because the Dedication at issue here was filed on March 15, 1971, Association was undoubtedly created prior to the effective date of the Act. Accordingly, the Act does not apply to this case.

¶6 The fact remains that Defendant's predecessor in interest agreed to be bound by the terms of the Dedication. Because the Dedication was filed of record in the Love County Clerk's Office, Defendant is deemed to have constructive notice of the terms and conditions of the Dedication. 16 O.S.1991 § 16. See also Warwick Estates Ass'n, Inc. v. Anderson, 1989 OK CIV APP 65, ¶7, 785 P.2d 335, 337 (purchaser of property which has previously been subjected to owners association assessments is liable to the association when the terms and conditions of association membership have been filed with the county clerk). "A covenant is in the nature of a contract and when a covenant is breached it confers the same right of action as for any other contract." Russell v. Williams, 1998 OK CIV APP 135, ¶7, 964 P.2d 231, 234, citing Ball v. Coyle, 1925 OK 101, 108 Okla. 30, 233 P. 750. Upon examination of the record, we cannot say that the trial court's decision to permit Association to proceed with this action on an open account is against the clear weight of the evidence or contrary to law or established principles of equity. Paris Bank of Texas v. Custer, 1984 OK 5, ¶22, 681 P.2d 71, 76.

¶7 Both parties' requests for appeal related attorney's fees are denied.

¶8 AFFIRMED.

JOPLIN, V.C.J., and BUETTNER, J., specially concurring.

I would also grant appeal-related attorney fees to Appellee.