2006 OK CIV APP 42

**QUAIL CREEK BANK, N.A.,**
Plaintiff/Appellee,

v.

**AMERICREST BANK, now Coppermark Bank, Defendant/Appellant,**

and

Brent Worley; Claudine L. Worley; Worley Development LLC, an Oklahoma LLC; and Edmond Brokerage, Inc., Defendants.

No. 102,208.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 21, 2005.

Rehearing Denied Nov. 28, 2005.

Bart A. Boren, Williams, Boren & Associates, P.C., Oklahoma City, OK, for Plaintiff/Appellee.

Steven L. Dickey, Dickey & Dickey, Oklahoma City, OK, for Defendant/Appellant.

Opinion by CAROL M. HANSEN, Judge:

¶1 At issue in this case is whether a mortgage given to secure a current indebtedness as well as future advances has priority over an intervening lien that attached after the original debt but before a later advance. Following *Garey v. Rufus Lillard Co.*, 1945 OK 305, 165 P.2d 344, we hold the intervening lien is superior to the lien represented by the later advance if the mortgage agreement does not obligate the mortgagee to make future advances.

¶2 Defendant Brent Worley and a nonparty, David Couch, cosigned a note (1999 Note) for $421,835.00 to Defendant/Appellant Coppermark Bank's (Coppermark) predecessor[1] on August 24, 1999. To secure the note, they granted a mortgage (1999 Mortgage), cosigned by their wives, on the subject property. On October 11, 2002, Brent Worley and his wife, Defendant Claudine Worley, granted a mortgage (2002 Mortgage) on the subject property to Plaintiff/Appellee, Quail Creek Bank, N.A. (Quail Creek), to secure a note (2002 Note), signed by both Worleys, dated October 9, 2002, for $48,274.65. On December 11, 2003, Brent Worley alone signed a note (2003 Note) to Coppermark for $124,967.02. The 2003 Note stated it was secured by "Mortgage dated 09/11/2001." A mortgage of that date is not included in the record on appeal.

¶3 Quail Creek brought this action to foreclose its mortgage, alleging the Worleys had defaulted on its note. The Worleys' personal liability was discharged in bankruptcy, leaving this action to proceed *in rem*. Quail Creek and Coppermark both filed motions for summary judgment seeking determination their respective liens had priority over all others. The trial court granted summary judgment, finding Coppermark had lien priority over Quail Creek as to the principle balance of $7,814.58 due on its 1999 Note, but

1. Coppermark Bank was previously known as Americrest Bank, which in turn was previously known as Guaranty Bank and Trust Co.

not as to the principal balance of $124,967.02 due on its 2003 Note.

¶4 Coppermark appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. It contends the trial court erred in finding the amount due on its second note and secured by its mortgage should be subordinated to Quail Creek's lien because its mortgage was recorded first, its mortgagors had knowledge of the terms of the mortgage when it was signed, Quail Creek had notice of the terms of its mortgage, and its mortgage provided for future advances to be secured regardless of their purpose.

¶5 Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053. The facts in this case are similar to those in *Garey v. Rufus Lillard Co.,* 1945 OK 305, 165 P.2d 344, in which the trial court foreclosed numerous mortgages and materialmen's liens on an oil and gas lease. The appellant, who held three mortgages on the property, contended the trial court erred in holding the intervening materialmen's liens were inferior to his first mortgage but superior to his second and third mortgages, because his first mortgage contained a future advances clause. The Oklahoma Supreme Court affirmed, stating in its syllabus,

> A mortgagee in a mortgage given to secure a specified sum and any subsequent advances made thereunder, but who is under no obligation to make any future advances, cannot, after other liens have attached to the mortgaged property, loan additional money to the mortgagor and take second and third mortgages on the property and thereafter have the sums secured by said mortgages decreed a first lien on the property on the theory that they represent advancements made under the first mortgage and thus exclude the intervening liens; but in such case said mortgagee will be deemed to have made additional loans upon the security of the mortgages given for that purpose and such sums will be treated as junior encumbrances.

*Id.* at 345. A mortgage securing future advances has priority over an intervening lien only if the mortgagee is obligated under the original agreement to make future advances, such as when the mortgage secures a line of credit or open account, as in *Paschal & Bro. v. Bohannan,* 1916 OK 652, 158 P. 365, or a construction loan, as in *Landers–Morrison–Christenson Co. v. Ambassador Holding Co.,* 171 Minn. 445, 214 N.W. 503 (1927).

¶6 In the present case, Coppermark's original agreement with Worley and Couch did not obligate Coppermark to make future advances. Its later advance pursuant to the 2003 Note was optional and treated as a separate agreement. Although the 1999 Mortgage secured the 2003 Note under its future advances clause, it did not gain priority over Quail Creek's 2002 Mortgage. The trial court correctly determined the order of lien priority. Accordingly, its summary judgment is AFFIRMED.

BUETTNER, C.J., and JOPLIN, P.J., concur.