CIT BANK, N.A. v. HEIRS OF MCGEE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CIT BANK, N.A. v. HEIRS OF MCGEE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CIT BANK, N.A. v. HEIRS OF MCGEE
2019 OK CIV APP 36
Case Number: 116324
Decided: 06/05/2019
Mandate Issued: 07/03/2019
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2019 OK CIV APP 36, __ P.3d __

 

CIT BANK, N.A., Plaintiff/Appellee,
v.
THE HEIRS, PERSONAL REPRESENTATIVES, DEVISEES, TRUSTEES, SUCCESSORS AND ASSIGNS OF EDWARD J. MCGEE, DECEASED; AND THE UNKNOWN SUCCESSORS, THE HEIRS, PERSONAL REPRESENTATIVES, DEVISEES, TRUSTEES, SUCCESSORS AND ASSIGNS OF LAURA MCGEE, DECEASED, AND THE UNKNOWN SUCCESSORS; et al., Defendants,
and
FALCONHEAD PROPERTY OWNERS ASSOCIATION, INC., Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
LOVE COUNTY, OKLAHOMA

HONORABLE TODD HICKS, TRIAL JUDGE

AFFIRMED

A. Grant Schwabe, Brian J. Rayment, KIVELL, RAYMENT AND FRANCIS, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee

Richard A. Cochran, Jr. For the Edward J. McGee

RICHARD A. COCHRAN, JR., P.C., Marietta, Oklahoma, for the Edward J. McGee Defendants

G. Timothy Armstrong, Edmond, Oklahoma, for Defendant/Appellant

JOHN F. FISCHER, PRESIDING JUDGE:

¶1 The Falconhead Property Owners Association, Inc., appeals a judgment in this foreclosure action granting CIT Bank, N.A. priority over the Falconhead lien. Because the Falconhead lien did not mature into an enforceable lien and was not perfected until after the Bank's mortgage, it is not entitled to priority over the Bank's lien. The judgment of the district court is affirmed.

BACKGROUND

¶2 The real property at issue in this case is located in Love County, Oklahoma, and subject to restrictive covenants described in a Dedication of Restrictions, Conditions, Easements, Covenants, Agreements, Liens and Charges, Falconhead, Phase 1. The Dedication is dated March 10, 1971, and was recorded with the County Clerk on March 15, 1971. Falconhead is a residential and golf course development. Edward and Laura McGee purchased property in 1996 subject to the Falconhead Dedication.[1] The Dedication provided for a lien to secure the payment of any charges assessed by the Falconhead Owners Association.

¶3 On October 4, 2005, the McGees executed an Adjustable Rate Note and Adjustable Rate Home Equity Conversion Mortgage in favor of Financial Freedom Senior Funding Corporation and granted a mortgage on their property in the Falconhead addition to secure repayment of any funds advanced pursuant to the Note. The mortgage was recorded on November 14, 2005, and assigned to CIT Bank on December 8, 2015. The Bank recorded its assignment on January 6, 2016. The Bank filed this action on May 13, 2016, alleging that the McGees had defaulted on the loan. On May 20, 2016, Falconhead recorded a statement of lien with the Love County Clerk alleging that the McGees had failed to pay $1,339.47 in monthly assessments beginning in December 2015.

¶4 The Bank amended its petition to add the Falconhead Owners Association as an additional defendant and moved for summary judgment. Falconhead responded and filed its own motion for summary judgment. The district court granted judgment in favor of both lien claimants. The sole issue in this appeal is whether the Bank's mortgage has priority over the Falconhead lien. The district court subordinated the Falconhead lien to the Bank's mortgage. Falconhead challenged that ruling by filing a motion for new trial, which the district court denied. Falconhead appeals that order and the judgment in favor of the Bank.

STANDARD OF REVIEW

¶5 Title 12 O.S.2011 § 2056 governs the procedure for summary judgment in this case. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Id. The de novo standard controls an appellate court's review of a district court order granting summary judgment. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051. De novo review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. Neil Acquisition, L.L.C. v. Wingrod Inv. Corp., 1996 OK 125, n.1, 932 P.2d 1100.

¶6 A trial court's denial of a motion for new trial is also reviewed for abuse of discretion. Head v. McCracken, 2004 OK 84, ¶ 2, 102 P.3d 670. "Where, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our de novo review of the summary adjudication's correctness." Reeds v. Walker, 2006 OK 43, ¶ 9, 157 P.3d 100 (footnote omitted).

ANALYSIS

¶7 Neither party disputes the fact that the other party has a valid lien. "A lien is a charge imposed upon specific property, by which it is made security for the performance of an act." 42 O.S.2011 § 1. In this case, both liens were created "[b]y contract of the parties" as authorized by 42 O.S.2011 § 6. The Bank's lien was created by the 2005 mortgage. Falconhead's right to create a lien was established by the 1971 Dedication. The parameters of Falconhead's lien rights are stated in section XVI of the Dedication:

Each purchaser of a lot . . . by acceptance of a deed thereto . . . whether from [Falconhead] or a subsequent owner . . . bind [sic] himself, his heirs, personal representatives and assigns, to pay all charges and assessments as shall be determined and levied upon such lot by and/or purchaser by . . . Falconhead Property Owners Association, Inc. . . . and the obligation to pay such charges, assessments, interest and costs thereby constitute a lien upon and an obligation running with the land.

Falconhead's lien rights regarding this particular lot were created when the decedents' predecessors in title, Edward and Opal Blacketer, purchased the property from Falconhead. The McGees agreed to be bound by that lien in 1996, when they accepted a deed to the property from the Blacketers. Accord Falconhead Prop. Owners Ass'n v. Fredrickson, 2002 OK CIV APP 67, ¶ 6, 50 P.3d 224. That fact, however, does not resolve the priority issue.

¶8 The Bank contends that its 2005 mortgage has priority over the Falconhead lien because the statement of the Falconhead lien was not recorded until 2016. According to the Bank, Falconhead did not obtain a lien until the McGees failed to pay their assessments. Falconhead contends that its lien was created by the Dedication and because that document was recorded prior to the Bank's mortgage, Falconhead's lien has priority.

¶9 In many respects, Oklahoma lien law is clear: "A lien may be created by contract, to take immediate effect, as security for the performance of obligations not then in existence." 42 O.S.2011 § 9. The Bank's mortgage was created in 2005, when the McGees executed the home equity note and mortgage. Contracts of mortgage are subject to the same provisions of Title 42 applicable to Falconhead's lien. 42 O.S.2011 § 5. Falconhead's lien rights were created in 1971 and affirmed by the McGees when they accepted a deed to the property in 1996. "Other things being equal, different liens upon the same property have priority according to the time of their creation . . . ." 42 O.S.2011 § 15. However, the 1971 Falconhead lien and the Bank's 2005 mortgage are not equal.

¶10 The Bank's mortgage was granted to secure repayment of a promissory note documenting a loan to the McGees. The Dedication merely documents that the Falconhead Property Owners Association had the future right to assess Falconhead property owners and, on the occurrence of that contingency, the Property Owners Association would have a lien to secure the payment of any assessment.

¶11 Despite the settled nature of Oklahoma law regarding the creation and nature of liens, no Oklahoma case has previously considered the priority of a home owners association's lien for unpaid assessments. We find instructive cases determining the nature and priority of other liens.[2]

¶12 For example, a home owners association's lien is similar to the lien that attaches to real property for payment of ad valorem taxes. See, e.g., First Nat'l Bank of Tulsa v. Scott, 1925 OK 986, 249 P. 282 (holding that although ad valorem taxes are assessed as of January 1, the lien securing payment of those taxes does not attach until the amount of the assessment is subsequently determined and the tax becomes due and delinquent). Following this analysis, Falconhead's maintenance fee "lien" as described in the 1971 Dedication was inchoate; "it was not one that could be ascertained as to amount, and paid and discharged . . . ." Allen v. Henshaw, 1946 OK 51, ¶ 26, 168 P.2d 625. The Oklahoma Supreme Court has recognized that, although inchoate liens may become certain and attach at some subsequent moment in time, they do not take priority over a previously perfected lien. U.S. v. Home Fed. Sav. & Loan Ass'n of Tulsa, 1966 OK 135, ¶¶ 15-17, 418 P.2d 319 (citing U.S. v. City of New Britain, Conn., 347 U.S. 81, 86, 74 S. Ct. 367, 371 (1954). "Possible contingencies" might arise and prevent an attachment lien from becoming perfected; so, it is merely "lis pendens notice" that a right to perfect a lien exists. Id. ¶ 9 (citing U.S. v. Sec. Tr. & Sav. Bank of San Diego, 340 U.S. 47, 50, 71 S. Ct. 111, 113 (1950)).

¶13 We also find analogous Oklahoma law governing mechanics and materialmen's liens. Although the record does not disclose the details regarding how the money Falconhead collected after an assessment was used, it appears that at least one use was for the maintenance of the common areas. To that extent, the Falconhead lien would operate in a manner similar to the materialmen's lien provided for in 42 O.S. Supp. 2013 § 141.[3] Even so, "a prior recorded mortgage takes precedence over a materialmen's lien accruing after the recording of such mortgage, even to the extent of attaching to the improvements placed upon the mortgaged premises afterwards by the materialman." Thompson v. Smith, 1966 OK 214, ¶ 17, 420 P.2d 526 (citations omitted).

¶14 Falconhead points out that the Bank's mortgage is a "'reverse mortgage' made to borrow funds on an existing house." But that fact is not critical, as this Court has previously observed: "A mortgage securing future advances has priority over an intervening lien . . . if the mortgagee is obligated under the original agreement to make future advances, such as when the mortgage secures a line of credit . . . ." Quail Creek Bank, N.A. v. Americrest Bank, 2006 OK CIV APP 42, ¶ 5, 135 P.3d 822 (citing Paschal & Bro. v. Bohannan, 1916 OK 652, 158 P. 365). The Bank stated in its summary judgment submissions that its note "was not in any particular amount, as the amounts advanced under the 'reverse mortgage' loan depended upon the draws the borrower makes on the account." The Bank was obligated to advance funds whenever the McGees asked the Bank to do so.

¶15 Both liens in this case were created by contract. Because the Dedication was recorded in 1971, the Bank had notice of Falconhead's right to perfect its lien when the Bank took an assignment of the McGees' home equity loan and mortgage. However, a review of the County Clerk's title records regarding this property shows that Falconhead did not perfect its lien until May 20, 2018, after the Bank had recorded its mortgage. Consequently, the district court did not err in granting the Bank's mortgage priority over the Falconhead lien and in denying Falconhead's motion for new trial.

CONCLUSION

¶16 Falconhead's lien right on this property was created in 1971 by the Dedication to secure the payment of "charges and assessments." That right was affirmed in 1996, when the McGees accepted a deed subject to that Dedication. However, Falconhead's lien was inchoate and did not mature into an enforceable lien until December 2015, after the McGees failed to pay amounts assessed by the Owners Association. Falconhead perfected its lien on May 20, 2018, well after the Bank's mortgage had been recorded. Because the Bank's lien was "first in time," it takes priority over the 2018 Falconhead lien. See U.S. v. Home Fed. Sav. & Loan Ass'n of Tulsa, 1966 OK 135, 418 P.2d 319. The district court's judgment is affirmed, as is its order denying Falconhead's motion for new trial.

¶17 AFFIRMED.

GOODMAN, J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] The McGees are now deceased. However, neither their heirs nor their representatives claim any interest in this dispute.

[2] In 1975, Oklahoma adopted The Real Estate Development Act, 60 O.S.2011 §§ 851 through 857. The Act applies only to home owners associations created after the effective date of the Act and, therefore, does not apply to Falconhead. Further, the Act simply provides that any lien in favor of the owners association "may be foreclosed in any manner provided by law for the foreclosure of mortgages or deeds of trust, with or without a power of sale." 60 O.S.2011 § 852(C).

[3] Title 42 O.S. Supp. 2013 § 141 provides:

Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, furnish material or lease or rent equipment used on said land for the erection, alteration or repair of any building, improvement or structure thereon or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; or who shall plant any tree, vines, plants or hedge in or upon such land; or who shall build, alter, repair or furnish labor, material or lease or rent equipment used on said land for buildings, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances in an amount inclusive of all sums owed to the person at the time of the lien filing, including, without limitation, applicable profit and overhead costs.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2002 OK CIV APP 67, 50 P.3d 224, FALCONHEAD PROPERTY OWNERS ASSOCIATION v. FREDRICKSON
Discussed
 2006 OK CIV APP 42, 135 P.3d 822, QUAIL CREEK BANK, N.A. v. AMERICREST BANK
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1946 OK 51, 168 P.2d 625, 197 Okla. 123, ALLEN v. HENSHAW
Discussed
 1916 OK 652, 158 P. 365, 59 Okla. 139, GEO. M. PASCHAL & BRO. v. BOHANNAN
Discussed
 1966 OK 135, 418 P.2d 319, UNITED STATES v. HOME FED. S. & L. ASS'N OF TULSA
Discussed at Length
 1966 OK 214, 420 P.2d 526, THOMPSON v. SMITH
Discussed
 2004 OK 84, 102 P.3d 670, HEAD v. McCRACKEN
Discussed
 2006 OK 43, 157 P.3d 100, REEDS v. WALKER
Discussed
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 1996 OK 125, 932 P.2d 1100, 67 OBJ 3566, Neil Acquisition, L.L.C. v. Wingrod Investment Corp.
Discussed
 1925 OK 986, 249 P. 282, 119 Okla. 106, FIRST NAT. BANK OF TULSA v. SCOTT
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
Title 42. Liens
 Cite
Name
Level

 42 O.S. 1, Definition of Lien
Cited
 42 O.S. 5, Contracts Subject to Provisions of Chapter 1
Cited
 42 O.S. 6, Creation of Liens
Cited
 42 O.S. 9, Immediate Effect of Lien
Cited
 42 O.S. 15, Different Liens on Same Property - Priority
Cited
 42 O.S. 141, Right to Lien - Priority - Enforceability against Property - Constructive Notice
Discussed
Title 60. Property
 Cite
Name
Level

 60 O.S. 851, Nature of Developments
Cited
 60 O.S. 852, Owners Association
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA