## BALL et al. v. COYLE.

No. 14860—Opinion Filed Feb. 10, 1925.

(Syllabus.)

1. **Covenants—Rights Conveyed—Action for Breach.**

Covenants must express the purpose of the parties thereto. They affect the estate, whatever it may be, or contracted to be, in the hand of successors to the title of the covenators. When breached, they confer rights of action upon the person the same as a breach of any other contractual obligation.

2. **Oil and Gas—Assignment of Lease—Covenants as to Incumbrances — Invalidation of Lease by Foreclosure of Mortgage on Land.**

Where the lessee takes an oil and gas lease upon land subject to a mortgage, it is defeasible by the foreclosure of the mortgage, and the assignee under an assignment from the lessee, the provisions of which assignment go no further than to covenant that lessee is the lawful owner of the lease and rights and interest thereunder, and the personal property thereon, and same is free from incumbrance, takes only the interest the lessee had, and such covenant cannot be extended so as to become a guaranty of the title to the land covered by the lease, as against the mortgage. The assignee cannot recover the price paid for the lease by merely pleading the alleged breach of the covenant in the assignment, and that by the foreclosure of the mortgage his lease was stricken down.

Error from District Court, Grady County; Will Linn, Judge.

Action by John Coyle against J. F. Ball and another. Judgment for plaintiff, and defendants bring error. Reversed.

Bond, Melton & Melton, for plaintiffs in error.

Bailey & Hammerly, for defendant in error.

BRANSON, V. C. J. The appeal herein is from a judgment in the sum of $450 rendered in favor of one John Coyle, against J. F. Ball and L. L. Laws. The cause of action pleaded by the plaintiff, Coyle, against the defendants, Ball and Laws, was for breach of covenant contained in an assignment by which the defendants' interest in an oil and gas mining lease was assigned to Coyle, and for which Coyle paid the sum recovered. The clause in the assignment is as follows:

" * * * That they are the lawful owners of said lease and rights and interest thereunder, and of the personal property thereon or used in connection therewith; that the undersigned have good right to sell and convey the same, and that the said rights, interest and property are free and clear of all liens and incumbrances, and that all rentals and royalties due and payable thereunder have been duly paid."

The lease was made by the landowner in March, 1919. The assignment by the defendants containing said clause was executed April 28, 1919. Prior to the execution of the lease by the landowner, a mortgage had been executed by him, and was foreclosed by the Oklahoma National Bank of Chickasha in 1920, the sale at foreclosure divesting the assignee, Coyle, of his lease. The only question is whether or not the covenants in that part of the assignment above quoted extended to a warranty of the title to the land on which the lease was executed, or whether the same was only as to the assignors' ownership and their right, title, and interest in and to the lease and the personal property located thereon. The only assignments of error, therefore, made by the assignors, who are the plaintiffs in error, go to questions of law.

A covenant, in the absence of express language to the contrary, does not extend to an estate in the premises greater than the one owned, but is merely a guarantee of the title in the premises which the covenantor undertakes to sell, and as in the assignment above set out the assignors undertook to sell their oil rights, which were vested in them by reason of the lease which was assigned to Coyle. Coble v. Barringer (N. C.) 38 S. E. 518; Allison v. Thomas (Cal.) 14 Pac. 309; Sweet v. Brown (Mass.) 45 Am. Dec. 243.

In the assignment in question, the assignors only undertook to convey all their right, title, and interest in and to the lease, and the personal property located thereon, and we think that the full extent of the covenants contained in the assignment was that the leasehold, as distinct from the land itself, was free from incumbrances, and that they were the owners thereof, and that the same cannot be construed to extend to, or to have been intended by the parties to warrant the property covered by the lease as being free from incumbrance or to warrant the title to the land itself. The lease was executed to the lessees by the landowner at a time when the records disclosed the mortgage subsequently forclosed, and this mortgage was likewise disclosed by the record at the time the assignee of the lease accepted the assignment from the lessees and paid the sum of $450.

There is nothing in the phraseology of the said assignment which discloses any intention on the part of the assignors to redeem said property from said mortgage in order to protect the leasehold, if such became necessary. The assignee took the lease just as the lessees owned it, and the covenants on the alleged breach of which the cause of action is predicated can only be held to extend to the guaranty that the lease was in no wise incumbered by the owners, that it was free from liens, and that they had a good right to convey the same.

In the absence of a pleading that they had no right to sell the lease, that the same was incumbered or charged with liens, or that they were not the owners of the personal property contained thereon, there was nothing pleaded as a breach of the covenants which would justify the trial court in entering the judgment which this appeal seeks to reverse.

The judgment of the trial court is reversed, with directions to enter judgment for the defendants.

NICHOLSON, C. J., and MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. pp. 126, 1293; (2) 27 Cyc. pp. 722, 727 (1926 Anno).