**THEATRE ESTATES, INC., a corporation, North Penn Twin Drive-In Theatre, a partnership composed of Gerald C. Barton, Robert L. Barton and Joanna Combs, and Barton Theatre Co., an Oklahoma corporation, Plaintiffs in Error,**

v.

**The VILLAGE, a Municipal corporation, Defendant in Error.**

**No. 42137.**

Supreme Court of Oklahoma.

Nov. 18, 1969.

Rehearing Denied Jan. 13, 1970.

**652**

Keith McMillin and Mosteller, Andrews & Mosburg Oklahoma City, for plaintiffs in error.

Wayne Quinlan Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Plaintiffs in error herein, plaintiffs below, have appealed to this Court from a judgment of the trial court sustaining a demurrer of defendant the city of the Village, Oklahoma, to the evidence submitted in the trial of the action below wherein plaintiffs alleged that defendant's operation of a sewage processing plant constitut-

ed a nuisance, and sought an injunction prohibiting the plant's continued operation and damages for loss of profits and goodwill allegedly suffered by their drive-in theatre business which adjoined defendant's sewage plant.

In 1962, plaintiffs acquired a tract of land just south and east of the intersection of Northwest 122nd Street and Pennsylvania Avenue in Oklahoma City. In May, 1963, they completed the construction of a drive-in theatre on the tract and commenced its operation at that time. Defendant's sewage plant, which had been in operation for a number of years prior to the construction of the theatre, is located immediately to the south of plaintiff's business.

According to the testimony at the trial below of Mr. Barton, an officer of the corporate plaintiffs, there were no offensive odors discernible from defendant's sewage plant at the time of the purchase of the tract or during the construction on the tract of the drive-in theatre. However, the witness stated that after the theatre opened for business in May, 1963, offensive odors emanated from defendant's sewage plant continuously "* * * except for intermittent, irregular and unpredictable periods of time varying in length from a few hours to as much as ten days or two weeks."

Mr. Barton further testified that the theatre's business was good immediately after its opening, but the number of customers began to decline thereafter. He stated that a number of customers complained of the presence of offensive odors and that some even requested a refund of their admission price.

Mr. Barton also related his various contacts with employees of defendant, county and state health officials, and sanitary engineers made in an attempt to determine the cause of the odors and a method of eliminating such cause.

The co-managers of plaintiffs' theatre testified that offensive odors regularly emanated from defendant's sewage plant,

causing the theatre's customers to complain and often leave. The co-managers also stated that many persons telephoned prior to the showing of a movie and asked whether the odors were present on that particular night, indicating that if the odors were present, they would not attend the theatre.

Plaintiffs introduced the testimony of two expert witnesses, sanitary engineers, who stated that they had inspected the sewage plant when offensive odors were present. In summary, these witnesses expressed their opinion that the odors were caused by the plant's insufficient capacity to process the sewage from a city having the population of defendant and by the improper operation of the plant. The witnesses also testified that the capacity of the sewage plant was less than that required by the State Health Department for a city the size of defendant. Both expert witnesses gave recommendations which in their opinion would minimize or eliminate the offensive odors emanating from the sewage plant.

At the conclusion of plaintiffs' evidence, the trial court sustained defendant's demurrer thereto.

Section 1, 50 O.S.1961, provides:

"A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

First: Annoys, injures or endangers the comfort, repose, health, or safety of others; or,

\*　　\*　　\*　　\*　　\*　　\*

Fourth: In any way renders other persons insecure in life, or in the use of property."

■ From the evidence submitted below, it is our opinion that plaintiffs have established that defendant is operating a plant of insufficient capacity to process the sewage from a city of its population or has not been following the proper procedures and that such operation has resulted in the production of offensive odors which have affected plaintiffs' use of their property.

It is our further opinion that these facts establish that defendant's operation of the sewage plant constitutes a nuisance within the above quoted provisions of 50 O.S.1961, § 1.

■ In its brief, defendant appears to admit that plaintiffs' evidence establishes that the operation of the sewage plant constitutes a nuisance, but contends that the trial court did not err in sustaining the demurrer as plaintiffs evidence totally fails to establish damages or the necessity for the issuance of a mandatory injunction.

In Crushed Stone Co. v. Moore, Okl., 369 P.2d 811, 815, we stated:

"While we recognize that in proper cases, especially those involving businesses upon which the public's interest, or necessity, depends, the matter of 'comparative injury' should be given prominent consideration, this court is among those holding that where damages in an action at law will not give plaintiffs an adequate remedy against a business operated in such a way that it has become a nuisance, and such operation causes plaintiffs substantially (sic) and irremediable injury, they are entitled, as a matter of right, to have same abated, by injunction ' \* \* \* notwithstanding the comparative benefits conferred thereby or the comparative injury resulting therefrom.' "

From plaintiffs' evidence, not controverted at trial below, we think it clear that defendant's operation of the sewage plant constituted a nuisance which was detrimental to plaintiffs' use and enjoyment of their property. The fact that plaintiffs' theatre business had not been long established makes it difficult for them to obtain an adequate remedy at law by bringing an action for damages. As the case stood before the trial court, plaintiffs were suffering a substantial and irremediable injury, and were entitled to an injunction abating the nuisance.

For these reasons, it is our opinion that the trial court should have overruled defendant's demurrer to plaintiffs' evidence

and, after a full and complete submission of all evidence, should have determined whether plaintiffs were entitled to a mandatory injunction requiring defendant to correct its physical plant and/or procedures in accordance with our decision in Crushed Stone Co. v. Moore, supra, and, a jury having been waived, then should have ruled on plaintiffs' prayer for damages.

In view of our determination herein that plaintiffs made a prima facie showing that they were entitled to injunctive relief, we are of the opinion that a discussion of the sufficiency of the evidence to establish a cause of action for damages to the satisfaction of the trier of the facts is not required.

The judgment of the trial court is reversed and the cause remanded for a new trial.

BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES and McINERNEY, JJ., concur.