1998 OK CIV APP 135

**Allen E. RUSSELL, Plaintiff/Appellant,**

v.

**Joe S. WILLIAMS, Eva B. Williams, Ike W. Poor, and Vicki Poor, Defendants/Appellees.**

**No. 89569.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 28, 1998.

As Amended June 1, 1998.

Richard A. Williams, Pain and Garland, Anadarko, for Plaintiff/Appellant.

John P. Buzbee, Buzbee and Upchurch, Anadarko, for Defendants/Appellees Joe S. and Eva B. Williams.

Barry Squires, Carnegie, for Defendants/Appellees Ike W: and Vicki Poor.

BUETTNER, Presiding Judge.

¶1 Plaintiff/Appellant Allen E. Russell (Russell) appeals from the trial court's grant of summary judgment to Defendants/Appellees Joe S. Williams, Eva B. Williams (collectively, Williams), and Ike W. Poor and Vicki Poor (collectively, Poors). Russell filed his petition against the Williams and Poors April 25, 1996. Russell alleged that a modular home on land owned by the Williams, and being purchased by the Poors under a contract for deed, encroached on property owned by Russell. Russell also asserted that the location of the house trailer violated the restrictive covenants of the Fly Inn Resort No. 1. Russell requested that the court enjoin the Williams and Poors from maintaining the encroachment and order them to abate and remove the house trailer from Russell's property, as well as grant attorney fees to Russell. The Williams and Poors subsequently filed a motion for summary judgment on the grounds that Russell's claims were barred by the statute of limitations, laches, accord and satisfaction, and a previous adjudication. The motion for summary judgment was granted May 14, 1997. Because we find issues of material fact in dispute as to certain claims, we remand for trial.

¶2 In 1995 Russell purchased lots 3, 5, 15, and 16 in Block 2, Fly Inn Resort No. 1, part of the Rodger D. and Connie. C. Willis Subdivision, NE/4 NE/4 SE/4 of Section 6–8N–12W in Caddo County.[1] Russell purchased lot 3 from John and Donna Ricketson and John R. and Verna Bostick. Russell purchased lot 5 from Dale and Wanda. Marie Smallwood.

¶3 The Williams had purchased lots 1 and 2 in the same block in 1983. The modular home at issue in this case was placed on lot 2 prior to the Williams' purchase.[2] The

---

1. The lots were not all purchased in the same transaction, but they were all purchased during 1995.

2. In 1978, Aubrey and Georgia Scales had sought an injunction against W.L. "Burt" Meeks, Oleda Meeks, Rodger D. Willis and Connie Willis to prevent the Meeks from placing the modular

Williams both testified that after purchasing their property in 1983 they enclosed the porches around the house and had a new roof put on. The Poors entered into a contract for deed with the Williams in 1991. The Poors extended a bedroom on the east side of the home sometime after acquiring possession.

¶4 Russell alleged in his petition that the modular home on lot 2 encroaches .8 foot over lot 5 (on the south edge of lot 2) and 1.7 feet on lot 3 (on the west edge of lot 2). Russell further alleged that the location of the modular home violated covenant 2 of the subdivision's restrictive covenants which provides that no building shall be located on any residential lot nearer than 5 feet from any side street line or any interior lot line. Relief requested by Russell included an injunction preventing the Williams and/or Poors from maintaining and occupying the encroaching home and requiring them to abate or remove the home from Russell's property.

¶5 In its order granting summary judgment, the court simply stated that there is no substantial controversy of any material fact and that the Williams and Poors are entitled to judgment as a matter of law. The court dismissed Russell's petition with prejudice.[3]

¶6 Summary judgments will only be affirmed when it is apparent from the record presented to the trial court that there is no substantial controversy of material fact and that one party is entitled to judgment as a matter of law. 12 O.S.1991 Ch. 2, App., Dist. Ct. Rule 13(e); *Seitsinger v. Dockum Pontiac, Inc.*, 1995 OK 29, 894 P.2d 1077. When summary judgment is granted based on affirmative defenses, the record must show no substantial controversy as to facts that are material to the affirmative defense, and that the facts and inferences that may be drawn from them are in the defendant's favor. *Daugherty v. Farmers Cooperative Association*, 1984 OK 72, 689 P.2d 947, 949. The court did not state the grounds on which summary judgment was granted. We therefore determine whether summary judgment was proper under any of the grounds alleged in the Williams' and Poors' motion.

¶7 The Williams' and Poors' first proposition in support of summary judgment is that Russell's claim, that they have violated restrictive covenant 2, is barred by the statute of limitations.[4] A covenant is in the nature of a contract and when a covenant is breached it confers the same right of action as for any other contract. *Ball v. Coyle*, 108 Okla. 30, 233 P. 750 (1925). The statute of limitations for breach of contract is five years. 12 O.S.1991 § 95(1); *Mounts v. Parker*, 1986 OK 66, 727 P.2d 594. The evidence established that the Williams extended the size of the modular home in 1983. Russell did not file his petition until 1995. Certainly, the limitations period had run for the violation of covenant 2 occurring in 1983. Ike Poor testified that when the Poors took possession of the modular home in 1991 they extended a bedroom on the east side, but that it did not extend the exterior walls of the home. The encroachments are on the south and west sides of the home. We find therefore that there is no controversy of material fact as to whether the statute of limitations had run on the breach of covenant claim based on the modular home being situated less than five feet from any interior lot

---

home on lot 2. The order filed in that case, No. C–78–71, held that the home does not violate the restrictive covenants for the subdivision filed by the Willises in 1960. The Scales had alleged that the structure violated covenant 4 which provides that "no structure of a temporary character, no house trailer, ... shall be permitted on any residential building lot." All lots in Block 2 are designated as residential building lots.

3. In an addendum filed with Russell's response to the motion for summary judgment, he alleged for the first time that the Poors are maintaining a raw sewage flow from their encroaching structure onto lot 3, a few feet from Russell's water well. In the order granting summary judgment the court ruled that Russell could file an amended petition "only insofar as it may pertain to a raw sewage flow." No such amended petition was filed.

4. A covenant restricting the use of a certain tract, imposed thereon by a common grantor and intended for the mutual benefit of all grantees may be enforced in equity by any subsequent grantee. *Southwest Petroleum Co. v. Logan*, 180 Okla. 477, 71 P.2d 759 (1937). The recording of such restrictions with the plat provides sufficient notice of the covenants to subsequent purchasers. *Id.*

line. The trial court's order with respect to this claim is affirmed.

¶ 8 The Williams' and Poors' second ground alleged in support of summary judgment is that the statute of limitations has also run on Russell's encroachment claim. The Williams and Poors assert that the encroachment is a trespass which has a two year limitations period. 12 O.S.1991 § 95(3). This argument is erroneous. It is true that the statute of limitations for trespass to land is two years. However, that statute of limitations applies only to actions for damages resulting from trespass. The statute of limitations for an encroachment on property is the 15 year period for acquiring title by prescription or adverse possession. 12 O.S. 1991 § 93(4); 60 O.S.1991 § 333; *Johnson v. Whelan,* 186 Okla. 511, 98 P.2d 1103 (1940); *Whytock v. Green,* 1963 OK 141, 383 P.2d 628; *A+ Welding & Construction, Inc. v. Brichacek,* 1997 OK CIV APP 25, 941 P.2d 534.

¶ 9 "Where an adjoining property owner encroaches on a portion of the adjoining lot and occupies such portion openly, peacefully and exclusively for more than 15 years, he acquires title by prescription." *State ex rel. Remy v. Agar,* 1977 OK 6, 559 P.2d 1235, 1238, citing *Whelan, supra.* In *Whelan,* the Supreme Court established that the issue in prescription cases is possession and held that possession resulting from mistake or ignorance of the true boundary does not affect the result. In the instant case, the Williams and Poors possessed part of Russell's property apparently through ignorance. Joe Poor testified that he did not believe the home crossed the boundary even as he gave his deposition in this case.

¶ 10 The Oklahoma Supreme Court has further held that, although the statute of limitations for recovering damages for trespass has expired, a court still may require a continuing trespass to be removed. *Fairlawn Cemetery Ass'n v. First Presbyterian Church, U.S.A. of Oklahoma City,* 1972 OK 66, 496 P.2d 1185. The encroachment alleged in the instant case is in the nature of a continuing trespass. Use of the term "trespass" may be confusing depending on the context. Comment c following § 162 of the Restatement of Torts (Second) provides that if the trespasser disseises the rightful owner and remains on the land, then no trespass has occurred because the rightful owner has been dispossessed. A continuing trespass, on the other hand occurs when the trespasser remains on the land of the rightful owner while such land is in the possession of the rightful owner. Because Russell seeks only to have the encroachment removed, rather than damages, the two year limitations period for trespass is not applicable here.

¶ 11 The evidence established that the Williams enlarged the modular home in 1983. The evidence at trial may reveal that the encroachment in fact began more than 15 years prior to Russell's petition. The record before the trial court did not establish conclusively when the modular home first encroached upon lots 3 and 5. It is therefore left for further proceedings to determine whether the 15 year prescriptive period has passed.

¶ 12 In cases seeking the removal of an encroachment, the trial court must balance the equities to determine the extent of the encroachment, the relative expense of removal compared to the diminishment of the encroachee's property value, and the availability of compensation by way of damages. *Malnar v. Whitfield,* 1985 OK 82, 708 P.2d 1093. Russell alleged that he planned to build a driveway on the edge of lot 5 and that the encroachment prevented him from building the driveway. Russell also alleged that it would not be difficult for the Poors to move the modular home because it is not on a permanent foundation. Russell submitted a letter from a real estate appraiser opining that the encroachments diminished the value of Russell's lots by $7500. On the other hand, the encroachment is minimal, which fact has been considered relevant in other encroachment removal cases.[5] We find

5. See *Malnar v. Whitfield,* 1989 OK CIV APP 28, 774 P.2d 1075, 1079 (cost of removal and reconstruction of commercial building would be $45,- 000–$60,000 while diminished value to encroachee's lot was $3,180, no removal ordered); *Kasner v. Reynolds,* 1954 OK 56, 268 P.2d 864

that there are material factual issues of when the encroachment began, the true extent of the encroachment and determination of the boundary line, as well as other factors required for balancing the equities to determine whether the injunction for removal should be granted.

¶ 13 The Williams' and Poors' next basis for summary judgment is that Russell's predecessor's in title are guilty of laches, thus barring Russell's suit. Laches is an equitable remedy which requires a showing of unreasonable delay in filing suit, along with knowledge of the relevant facts, and resulting in prejudice to the defendant. *Sooner Federal Savings & Loan Association v. Smoot,* 1995 OK 31, 894 P.2d 1082; *State ex rel. Dept. of Highways v. Martin,* 1977 OK CIV APP 57, 572 P.2d 611. In a prescription case, laches has been held not to apply to claims brought within the 15 year prescriptive period. *Drabek v. City of Norman,* 1996 OK ——, 946 P.2d 658. No evidence has been adduced that Russell's predecessors in title had any knowledge of the encroachment. Dale Smallwood, who sold lot 5 to Russell. testified that he was not aware of the encroachment until the survey ordered by Russell was completed. Further, Russell has alleged that it would be relatively inexpensive to move the modular home which sits on a foundation of concrete blocks. There is no evidence that the cost of moving the house has substantially changed since the encroachment was first discovered. We find that the evidence before the trial court fails to establish as a matter of law: knowledge, prejudice, or unreasonable delay. Summary judgment on the issue of laches was error.

¶ 14 The Williams and Poors next allege that summary judgment is proper because Russell's claims are barred by an accord and satisfaction. Accord and satisfaction is an affirmative defense that the parties have contracted to discharge a claim. *Employers Workers' Compensation Association v. W.P. Industries,* 1996 OK CIV APP 62, 925 P.2d 1225, 1228. Whether the parties have made such an agreement is a question

of fact. The Williams and Poors assert that when Russell and Smallwood closed on the sale of lot 5, the consideration was reduced to compensate Russell for the encroachment. The asking price for lot 5 was $41,000 and the contract price agreed to by Russell and Smallwood was $38,000.

¶ 15 Russell had ordered the property surveyed before closing and therefore discovered the encroachment. In his affidavit, Smallwood asserted that the price was reduced because of the encroachment. In his response to Interrogatory No. 6, Russell explained, however, that the price was reduced to $39,000 through negotiations and then further reduced to $38,000 to compensate him for "time loss, attorney's fees, and travel, etc." In his response to Interrogatory No. 11, which asked why Russell purchased the property, he answered that "Mr. Williams gave me his word that he would correct the encroachments and I would have no problems. Mr. Smallwood made some concessions in price to help offset the cost of any legal expenses in seeking redress." The purchase agreement made between Russell and the Smallwoods does not mention any price reduction to compensate Russell for the encroachment.

¶ 16 Williams and Poor offered no evidentiary material showing that they were the beneficiaries of any such agreement between Russell and Smallwood, or that they had any agreement with Russell to settle this suit. The trial court erred in granting summary judgment on this issue.

¶ 17 The Williams and Poors final argument in support of summary judgment is that Russell's claim, that the modular home violates the covenant against house trailers, is barred by a prior adjudication. In Case No. C–78–71, the district court determined that the modular home did not violate covenant 4. Russell did not allege the violation of this covenant as grounds for his removal action. It is apparent from his response to the motion for summary judgment that Russell asserts the modular home is a "house

(building which encroached about 20 inches, along with sidewalk which encroached 4.75 feet would not be removed by mandatory injunction

where moving building would cost much more than usable rental value of the area encroached upon).

trailer" to demonstrate that it would be relatively easy to remove it from its encroaching location. In any event, summary judgment on this ground would have been proper because it has been adjudicated that the modular home does not violate the covenant against temporary structures.

¶ 18 Because we find substantial issues of material fact on the issues of the statute of limitations for an encroachment, laches, and accord and satisfaction, we AFFIRM IN PART, REVERSE IN PART AND REMAND FOR FURTHER PROCEEDINGS.

HANSEN and ADAMS, JJ., concur.

