2006 OK 53

**Dewayne MONEYPENNEY,
Plaintiff/Appellant,**

v.

**Richard E. DAWSON,
Defendant/Appellee.**

No. 101,311.

Supreme Court of Oklahoma.

July 5, 2006.

**550**

F. Smith Barnes, F. Smith Barnes, A Professional Corporation, Oklahoma City, OK, for Plaintiff/Appellant.

Maurice G. Woods, II and Thomas M. Wright, McAtee & Woods, P.C., Oklahoma City, OK, for Defendant/Appellee.

LAVENDER, J.

¶1 Plaintiff/Appellant, Dewayne Moneypenney (Plaintiff) filed a Petition (Petition 2) for monetary relief against Defendant/Appellee, Richard E. Dawson (Defendant) claiming damage to his residential real property was caused by water flowing onto Plaintiff's lot by virtue of Defendant having altered the natural water drainage or flow on the latter's own lot. Defendant filed a motion to dismiss asserting the suit was time-barred because the two year statute of limitations found at 12 O.S. § 95(A)(3) had expired prior to the filing of Petition 2.[1] The trial court sustained the motion and dismissed Plaintiff's entire case with prejudice. Plaintiff appealed. In an unpublished opinion the Court of Civil Appeals (COCA), Division III affirmed. We previously granted certiorari. Although the two year statute of limitations of § 95(A)(3) is applicable, in that it cannot be determined as a matter of law from the face of Petition 2 and a similar Petition (Petition 1) filed by Plaintiff against a different defendant in a prior case earlier dismissed without prejudice that the limitation period expired as to his entire claim for monetary relief against Defendant prior to the filing of Petition 2, we

---

1. Though 12 O.S. § 95 was amended in 2004 and 2005, the pertinent subsection in regard to this case, i.e., § 95(A)(3), remains the same today, with one caveat, as when the underlying lawsuit was filed by Plaintiff/Appellant, Dewayne Moneypenney (Plaintiff) against Defendant/Appellee, Richard E. Dawson (Defendant) in March 2004. 2004 Okla.Sess.Laws, Ch.168, § 1; 2005 Okla. Sess.Laws, Ch. 159, § 1. The caveat is that the subheading designation (A) was added by one of the 2004 amendments which did not take effect until after the instant suit's filing. The parties, both in the trial court and in their appellate submissions, and the Court of Civil Appeals (COCA) in its opinion, understandably so, do not reference the subheading designation (A) change. We do so as the designation is in the current version of § 95 found at 12 O.S.Rev.Supp.2005, § 95.

hold the trial court erred in dismissing the case with prejudice. We reverse the trial court Order dismissing the case, vacate the COCA's opinion affirming that Order and remand to the trial court for further proceedings.

¶ 2 The bar of the statute of limitations is an affirmative defense. 12 O.S.2001, § 2008(C)(18). The burden is on a defendant to prove that a plaintiff's action is barred by the applicable statute of limitations. *Harper–Turner Oil Co. v. Bridge*, 1957 OK 124, 311 P.2d 947, 949. In reviewing a motion to dismiss like that filed by Defendant, an appellate court, like a trial court, is required to take as true all of the challenged pleading's allegations, together with all reasonable inferences drawn from them. *See Great Plains Federal Sav. and Loan Ass'n v. Dabney*, 1993 OK 4, 846 P.2d 1088, 1090 n. 3. Further, the committee comments concerning 12 O.S. § 2012(B)(6) of the Oklahoma Pleading Code (12 O.S.2001, § 2001 et seq., as amended) state that "a petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Okla.Stat.Ann. tit. 12, § 2012, Committee Comment to § 2012 (West 1993). (citations omitted). We believe no citation of authority is necessary to recognize that a motion to dismiss of this type raising a limitation bar should not be granted and a case should not be dismissed with prejudice unless the face of the petition shows beyond doubt the action is time-barred under the applicable statute of limitations. Here, Petition 2 considered along with Petition 1 do not facially show the entire claim against Defendant is time-barred.

¶ 3 On March 1, 2004 Plaintiff filed Petition 2 against Defendant in Oklahoma County District Court Case No. CJ–2004–1685, the underlying case giving rise to this appeal. In full the body of Petition 2 states:

> COMES NOW the Plaintiff, Dewayne Moneypenney, and for his cause of action against the Defendant, Richard E. Dawson ... alleges and states:

> 1. Plaintiff is and all times mentioned in this Petition was a resident of Oklahoma County, State of Oklahoma. Defendant is a resident of Oklahoma County, Oklahoma. Property subject to this litigation is located in Oklahoma City, Oklahoma County, Oklahoma.

> 2. On August 18, 2000, Plaintiff purchased residential property described as 7200 N.W. 129th Street, Oklahoma City, Oklahoma.

> 3. In April, 2001, Defendant commenced bringing in additional soil on [the] lot located at 13105 Dawson Court, Oklahoma City, Oklahoma. Such lot is immediately behind the residential lot owned by Plaintiff. In the process of construction, the Defendant added substantial amounts of soil and caused the natural drainage to be altered.

> 4. As a result of the alteration of the natural water flow by Defendant, at such time as rains occur or the adjoining lot owner waters the grass, Plaintiff's property is flooded and damaged. This damage was caused by the wrongful act of the Defendant by the improper change in the natural flow of water.

> WHEREFORE, Plaintiff prays for judgment in an amount in excess of $10,000.00 against the Defendant, Richard E. Dawson, together with attorney's fees and court costs.

Boiled down, Petition 2 alleges Defendant altered the natural topography of his own lot by adding dirt to it and when it rains or Defendant waters his own lawn, Plaintiff's lot is flooded and damaged.[2] Obviously, if not expressly stated, a reasonable inference from Petition 2 is that prior to the claimed alteration Plaintiff's property did not flood and was not damaged from water flowing or draining from Defendant's lot onto Plaintiff's lot. Also, although Petition 2 does not put a label on his claim against Defendant, a fair reading of it plainly implies a wrongful and improper diversion of surface waters from Defendant's property onto Plaintiff's property causing un-

---

2. We assume "the adjoining lot owner" referred to in numbered paragraph 4 of Petition 2 is Defendant.

specified damage to Plaintiff's property and that the situation reoccurs when it rains or Defendant waters his lawn.

¶ 4 In May 2004 Defendant filed a motion to dismiss Petition 2 with prejudice asserting it failed to state a claim upon which relief could be granted based solely on the argument Plaintiff's claim was time-barred because the two year limitation period found at § 95(A)(3) expired before it was filed.[3] Attached to the dismissal motion was Petition 2. Also attached were a) Petition 1 that was filed in Oklahoma County District Court in Case No. CJ–2001–7029 on September 14, 2001 that initiated a prior lawsuit by Plaintiff against a Gary Dawson d/b/a DKG Companies (hereafter DKG) and b) an Order of Dismissal Without Prejudice filed in the prior lawsuit on March 3, 2003. A review of Petition 1 reveals it was based on substantially similar allegations as quoted above from Petition 2. A review of the Order of Dismissal Without Prejudice shows that, in essence, the dismissal was based on a failure to diligently prosecute.[4]

¶ 5 Defendant, at pg. 1 of a June 8, 2004 reply to Plaintiff's response to the dismissal motion, informs that DKG "was involved in the building of [D]efendant's home on [D]efendant's lot...." For the purposes of our disposition of this appeal, we will assume that is true. We also note that the record does not indicate any other relation between DKG, or the individual Gary Dawson, with Defendant, notwithstanding they share the same last name. In any event, the only noteworthy differences in Petition 1 and Petition 2 (other than the difference in defendants) are that the earlier suit alleged additional soil was brought onto two lots (rather than one) immediately behind Plaintiff's lot (i.e., both onto 13105 Dawson Court and 13109 Dawson Court) and it was, apparently, water from rain or lawn watering traveling from both adjoining lots (rather than one) that caused flooding and damage to Plaintiff's real property.

¶ 6 In affirming the trial court's dismissal Order the COCA reasoned, in effect, that Plaintiff knew at some time between April 2001 (the beginning of dirt addition to Defendant's property) and September 14, 2001 (the date Petition 1 was filed against DKG) about the damage to his house and/or lot by the alteration of the natural water flow. Obviously, the September 14, 2001 date is more than two years before Petition 2 was filed on March 1, 2004.

¶ 7 There can be no question Plaintiff knew on or before September 14, 2001, the date he filed the previous suit against DKG, that the claimed diversion of water from Defendant's property onto his own caused him some injury and that the underlying instant case was initiated by Petition 2 more than two years after the September 14, 2001

---

3. Neither party disputes the applicability of § 95(A)(3)'s two year limitation period. We agree it is applicable and it provides:

   A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
   * * *
   3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud[.]

4. As noted in the text Defendant attached to his motion to dismiss the Petition (Petition 1) filed in the prior case (Case No. CJ–2001–7029, Oklahoma County District Court) and the Order of Dismissal Without Prejudice entered therein. Title 12 O.S. § 2012(B) provides in part:

   If, on a motion asserting the defense numbered 6 of this subsection to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to the motion by the rules for summary judgment.

   Neither party argues that attaching Petition 1 or the Order of Dismissal Without Prejudice in Case No. CJ–2001–7029 called into play said part of § 2012(B). Subsection 2012(B), including the quoted language, remains the same today as when Defendant filed his motion to dismiss in May 2004. The current version of § 2012 may be found at 12 O.S.Rev.Supp.2005, § 2012. Although § 2012 was amended in certain particulars in 2004, subsection B thereof was not. 2004 Okla.Sess.Laws, Ch.181, § 5.

date, i.e., on March 1, 2004. However, in view of the type of tort sued for here (or those of a similar nature) merely because Plaintiff knew of some injury to his property more than two years prior to filing Petition 2 is insufficient at the pleading stage to make a determination that his entire claim is time-barred.

■ ¶ 8 This Court has plainly recognized that a landowner may not in diverting surface waters from its usual and ordinary course collect and convey it by the construction of artificial embankments, ditches or the like from that person's land onto the land of an adjoining neighbor causing injury to the latter's property and that such conduct is actionable. *See City of Ardmore v. Orr*, 1913 OK 50, 129 P. 867 (City's grading of streets causing overflow on plaintiff's property); *see also Allied Hotels, Ltd. v. Barden*, 1964 OK 16, 389 P.2d 968 (increased flow of surface waters after construction of motel; also involved damages from blasting and increased water flow during construction). Plaintiff does not allege in either Petition 1 or Petition 2 whether the damages he claims are permanent or temporary, or a combination of the two. However, in his February 22, 2005 Petition for Writ of Certiorari filed in this Court he seems to take the position that the damages he seeks to recover via the instant litigation are for "permanent injury" to the interior of his house, somewhat more specifically described as damage evidenced by a crack in the floor of his living room, coupled with his observation of water in the floor vents in the living area. Although Plaintiff has used the phrase "permanent injury" to describe such claimed damage we certainly cannot say on this record that it is actually of a permanent character. We do not believe at this stage of the litigation on this record that Plaintiff's use of the word "permanent" fore-closes him from recovering or seeking any appropriate damages to which he might show

himself entitled. In any event, whether Plaintiff seeks recovery for permanent or temporary damage or a combination of the two it was error to dismiss his petition at the pleading stage based on a limitation time-bar.

■ ¶ 9 As a general proposition, "[w]hen a cause of an injury is abatable either by an expenditure of labor or money, it will not be held permanent." *City of Ardmore v. Orr*, 129 P. at 867 (Fourth Syllabus by the Court). Further, both temporary and permanent damage may be caused or arise from a temporary, i.e., abatable nuisance or trespass. *Herwig v. City of Guthrie*, 1938 OK 257, 78 P.2d 793.[5] An example of a form of abatement would be the offending party putting some type of drainage system on his property so that no further damage would be caused to the adjoining or neighboring land-owner. *See City of Ardmore v. Orr* (negligence case against City where Court recognized that City could enlarge sewers or add additional sewers to carry off surface waters that did not overflow plaintiff's land causing injury thereto prior to City's grading a street and its cross-streets). At this stage of the litigation one must assume that Defendant has (or had) it within his power to abate the claimed reoccurring situation on his property alleged to have caused damage to Plaintiff's property by some reasonable means, e.g., placement of an adequate drainage system thereon.

■ ¶ 10 In a case decided about a decade ago the Court of Civil Appeals correctly stated the general rule applicable in cases of reoccurring, temporary damages caused by a nuisance susceptible of abatement. "To the extent damages caused by a nuisance are temporary in nature—i.e., damages reasonably capable of abatement—they will be held not permanent and the statute [of limita-

---

5.  In the case of *Oklahoma City v. Page*, 1931 OK 764, 6 P.2d 1033 (Second Syllabus by the Court), this Court stated the following:

    In an action for a nuisance which is temporary as a matter of law, it is not error to refuse to require the plaintiff to elect whether to claim "temporary damages" or "permanent damages," because there may be several effects caused by the nuisance, one or more of

which would be temporary and would cease upon abatement of the nuisance, and one or more of which would be permanent regardless of the abatement of the nuisance, and a plaintiff would be entitled to recover full compensation for the wrong, recovering for such temporary effects as could be proved and for such permanent effects as could be proved.

554

tions] will not begin to run until injury is suffered." *N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288, 293, citing *Elk City v. Rice*, 1955 OK 203, 286 P.2d 275; *City of Ardmore v. Orr*, 1913 OK 50, 129 P. 867; *Haenchen v. Sand Products Co., Inc.*, 1981 OK CIV APP 6, 626 P.2d 332. For such temporary damage a plaintiff may bring successive actions each time the wrong occurs (*see City of Ardmore v. Orr*) and the statute of limitations would bar recovery only for damage occurring more than two years prior to a suit's filing. *See Haenchen v. Sand Products Co., Inc.*, 626 P.2d at 334. At this stage of the litigation it cannot be said as a matter of law that Petition 2 shows on its face any such temporary damage falls outside the two year period.

¶ 11 As to any permanent damage Plaintiff claims was caused, the period of limitation would not commence for such "permanent damage to realty until the damage is apparent and it becomes obvious that such damage is of a permanent character." *See Harper–Turner Oil Co. v. Bridge*, 1957 OK 124, 311 P.2d 947, 948 (First Syllabus by the Court)(action for damages to realty in nature of destruction of water well caused by deleterious substance or substances percolating and seeping into well by oil and/or gas drilling operations). In the *Harper–Turner* case this Court decided the limitation issue involved a question of fact and that the trial court had properly submitted the limitation defense raised there to the jury for its determination. For a finding that the action was not time-barred the jury was required to find that "plaintiffs must [have] commence[d] their lawsuit within two years from the time it became apparent to them, or would be apparent to a reasonable person under the same circumstances, that the injury was permanent...." *Harper–Turner Oil Co.*, 311 P.2d at 950.

¶ 12 Neither Petition 1 nor 2 (nor anything else in this record) shows that more than two years before the filing of Petition 2 it was

apparent to Plaintiff or would have been apparent to a reasonable person under the same circumstances that any damage to his realty was of a permanent nature. It therefore cannot be said as a matter of law at the pleading stage that any claim for permanent damage is time-barred.

¶ 13 Of course, at this stage of the litigation, i.e., the initial pleading stage, we do not know what the actual facts are concerning Plaintiff's claim. However, a fair reading of Petition 2 posits a reoccurring tortious situation. Ultimately, the statute of limitations issue might be subject to jury determination or involvement and might be dependent on facts concerning the character of the cause of Plaintiff's alleged damages and/or the type of damages, if any, he has suffered. Further, the following from *Commercial Drilling Co. v. Kennedy*, 1935 OK 232, 45 P.2d 534 (concerning continuing salt water pollution) is potentially applicable:

> [W]hen it becomes obvious that a permanent injury has been suffered by the real estate, a cause of action for permanent injuries accrues and the statute of limitations begins to run as to the damages, present and prospective, resulting exclusively from the permanent injury then suffered. But the statute cannot run as to damages which may later be caused by future possible injuries not yet inflicted by the possible continuance of the abatable source of injury. We think the trial court sufficiently excluded from the consideration of the jury damages flowing from injuries, permanent or temporary, which may have occurred more than 2 years before this action was commenced.

*Id.*, 45 P.2d at 538. (citation omitted).

¶ 14 In sum, it cannot be determined from the face of Petition 1 or 2 that the entire claim of Plaintiff for which he seeks monetary relief is barred by the statute of limitations found at 12 O.S. § 95(A)(3). It was therefore error for the trial court to have dismissed Plaintiff's case with prejudice on that basis.[6]

6. Both in the trial court and in his Petition for Writ of Certiorari the Plaintiff relied on 12 O.S. 2001, § 100, seemingly alternatively, to argue error in the dismissal of the instant underlying

suit. The argument of the Plaintiff being that he filed Petition 2 prior to the expiration of one year from the dismissal without prejudice of the previous case he had filed against Gary Dawson d/b/a

¶ 15 The opinion of the Court of Civil Appeals is **VACATED,** the trial court Order dismissing with prejudice Plaintiff's suit against Defendant is **REVERSED** and the matter is **REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.**

¶ 16 WATT, C.J., HARGRAVE, OPALA, KAUGER, EDMONDSON and COLBERT, JJ., concur.

¶ 17 WINCHESTER, V.C.J. and TAYLOR, J., dissent.

DKG Companies in Case No. CJ–2001–7029. The Order of Dismissal Without Prejudice in that case was filed on March 3, 2003 and the instant suit was filed on March 1, 2004. In effect, the COCA rejected Plaintiff's argument in such regard because the defendants in the two actions were different. Section 100 provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

We decline to reach the § 100 issue in the circumstances of this case.