2010 OK CIV APP 92

**David M. VRANESEVICH,
Plaintiff/Appellant,**

v.

**PEARL CRAFT, Defendant/Appellee.**

No. 106,541.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Oct. 9, 2009.

Rehearing Denied April 23, 2010.

Certiorari Dismissed June 14, 2010.

Lawrence D. Taylor, Tulsa, OK, for Plaintiff/Appellant.

Jon E. Brightmire, Amanda L. Thrash, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, OK, for Defendant/Appellee.

JOHN F. FISCHER, Judge.

¶ 1 David M. Vranesevich appeals from the judgment of the district court granting Pearl Craft's motion for summary judgment. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp.2008, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Based on our review of the record on appeal and applicable law, we reverse and remand for further proceedings.

## BACKGROUND FACTS

¶ 2 The parties own adjoining tracts of property in Wagoner County. Both properties are subject to restrictive covenants. The covenants were created in 1994 by Mercedes L. Bruss, Trustee of the Mercedes L. Bruss Trust UID, the owner of the properties, "to provide for the orderly development of [the properties] and to provide restrictive covenants for the mutual benefit of herself and her successors entitled to tracts of land hereafter created." Craft acquired her property in 1999. In August 2002, Craft moved a manufactured home onto her property. Alleging this and other conduct constituted a breach of three of the restrictive covenants, Vranesevich filed suit to enjoin the alleged violations. Craft filed a motion for summary judgment arguing that her manufactured home was moved onto the property more than five years before the filing of his suit and, therefore, Vranesevich's suit was barred by the applicable statute of limitations.[1] Craft's motion was supported by evidentiary material showing the manufactured home

was originally located on her property in August 2002. The Journal Entry of Judgment recites that the home was located on Craft's property more than five years before the filing of Vranesevich's suit and granted Craft's motion for summary judgment.

## STANDARD OF REVIEW

¶ 3 We review a trial court's grant of summary judgment *de novo*. *Carmichael v. Beller*, 1996 OK 48, ¶ 2, 914 P.2d 1051, 1053. On review, we examine the pleadings and evidentiary materials submitted by the parties to determine whether there exists a genuine issue of material fact. *Id.* This Court bears "an affirmative duty to test all evidentiary material tendered in summary process for its legal sufficiency to support the relief sought by the movant." *Copeland v. The Lodge Enters., Inc.*, 2000 OK 36, ¶ 8, 4 P.3d 695, 699. The summary process requires that we determine whether the record reveals only undisputed material facts supporting only a single inference that favors the movant's motion for summary judgment. *Id.* Further, when considering a motion for summary judgment, the evidence and the inferences to be drawn from the evidence must be viewed in the light most favorable to the party opposing the motion. *Hargrave v. Canadian Valley Elec. Co-op., Inc.*, 1990 OK 43, ¶ 14, 792 P.2d 50. "Only if the court should conclude that there is no material fact in dispute and the law favors the movant's claim or liability-defeating defense is the moving party entitled to summary judgment in its favor." *Copeland*, 2000 OK 36 at ¶ 8, 4 P.3d at 699.

## DISCUSSION

¶ 4 The proper construction of Vranesevich's petition is dispositive of this appeal. He seeks to enjoin Craft's alleged

---

1. The current suit is the second filed by Vranesevich regarding this subject matter. The first was filed September 14, 2007, but voluntarily dismissed. The second suit was refiled within one year of the dismissal as permitted by 12 O.S.2001 § 100 and, therefore, timely if the statute of limitations had not run prior to the filing of the first suit. Craft contends that any breach of the restrictive covenants occurred more than five years prior to the filing of the first suit. Craft's motion included an alternative motion to dismiss for failure to state a claim. The district court did not address that motion in its ruling.

violation of the restrictive covenants.[2]

### I. The Restrictive Covenant Claim

¶ 5 Craft relies on *Russell v. Williams*, 1998 OK CIV APP 135, 964 P.2d 231, for the proposition that the restrictive covenants Vranesevich seeks to enforce constitute a contract subject to the five-year statute of limitations in 12 O.S.2001 § 95(1). *Russell* decided a dispute between adjoining property owners arising from the encroachment of a structure onto the property of other land owners and its location beyond the set-back restrictions in restrictive covenants applicable to the property. The plaintiff sought removal of the structure from his property and attorney fees. It was undisputed that the encroachment had occurred more than five years prior to the filing of the plaintiff's suit.[3] The *Russell* Court applied the five-year statute of limitations applicable to written contracts and affirmed summary judgment on the breach of restrictive covenant claim because: "A covenant is in the nature of a contract and when a covenant is breached it confers the same right of action as for any other contract." *Russell*, 1998 OK CIV APP 135 at ¶ 7, 964 P.2d at 234.[4]

■■■■ ¶ 6 Because we view the statute of limitations analysis differently than the *Rus-*

*sell* Court, we find summary judgment in this case is not warranted. The *Russell* Court correctly states that a restrictive covenant is a contract enforceable as any other contract. However, that particular type of contract creates an interest in real property. "It has been said that a restriction arising from a restrictive covenant is not an estate in land, as is a legal easement, but is purely a creature of equity arising out of contract." *Van Meter v. Manion*, 1934 OK 615, ¶ 10, 38 P.2d 557, 559. Nonetheless, as explained in *O'Neil v. Vose*, 1944 OK 26, 193 Okla. 451, 145 P.2d 411:

> [W]e are not unmindful of the legal right of owners of adjoining properties to bind themselves by enforceable contract, restraining the use of their property for an unlimited period of time, wherein each separate owner grants to the other owners a right in his property in the nature of an easement and which shall run with the land and be binding upon the several property owners as well as all future owners, who succeed to title with actual or constructive notice of such contract or agreement and its terms.

*Id.* at ¶ 14, 145 P.2d at 414. A restrictive covenant, therefore, creates a property inter-

---

**2.** Vranesevich also seeks costs and attorney fees pursuant to 60 O.S.2001 § 856: "Any person owning property in a real estate development shall be entitled to bring action against any other person owning property in such development to enforce any of the restrictions or covenants of the real estate development which are specified by the covenants or restrictions. In any action to enforce any restriction or covenant pursuant to the provisions of this section, the prevailing party shall be entitled to recover reasonable attorneys fees to be fixed by the court, which shall be taxed as costs in the action."

**3.** Although the *Russell* court applied a five-year statute of limitations to the breach of covenant claim, the fifteen-year prescription period was held to be the relevant period regarding the encroachment claim. Because the plaintiff was not seeking damages for the encroachment, which the court found would have been barred by the two-year statute of limitations applicable to trespass claims, and because the evidence was not clear with respect to when the encroachment began, summary judgment in this respect was reversed. The *Russell* court also held that the evidence failed to establish as a matter of law

that the plaintiff's encroachment claim was barred by laches. Citing *Fairlawn Cemetery Ass'n v. First Presbyterian Church, U.S.A. of Oklahoma City*, 1972 OK 66, 496 P.2d 1185, the court concluded that the encroachment was a continuing trespass that the trial court could order removed. *Fairlawn* found that a dirt fill encroaching on the plaintiff's property was a trespass rather than a nuisance. Because suit was filed more than two years after the encroachment occurred, plaintiff's claim for damages to a fence caused by the dirt fill was barred by the two-year statute of limitations applicable to trespass claims. Nonetheless, the plaintiff prevailed on its nuisance claim and was granted an injunction requiring the defendant to remove the dirt fill from the plaintiff's property.

**4.** The *Russell* opinion cites *Ball v. Coyle*, 1925 OK 101, 233 P. 750, for this proposition. The Court in *Ball* held that a covenant in an assignment of an oil and gas lease stating that the sellers had title to the lease with the right to sell it, and that the lease was free of liens and encumbrances, was not a warranty of title and could not defeat a mortgage recorded prior to the assignment. *Id.* at ¶ 4, 233 P. at 751.

est although that interest is created by contract.

¶ 7 Vranesevich's central allegation in his petition asserts that Craft violated the restrictive covenants by placing the manufactured home on her property. Although Vranesevich could have sued for breach of the covenants when the home was placed on the property, the five-year limitation period in 12 O.S.2001 § 95(1) only applies to any claim for damages resulting from a breach of the restrictive covenants. *See Indian Terr. Illuminating Oil Co. v. Rosamond,* 1941 OK 410, 190 Okla. 46, 120 P.2d 349 (holding that an implied covenant in an oil and gas lease to protect the lessor from drainage was a continuing covenant and that an action for breach could be maintained beyond the limitations period although damages would be limited to the five years preceding the filing of the suit). *See also Bowman v. Oklahoma Natural Gas Co.,* 1963 OK 197, 385 P.2d 440.

¶ 8 *O'Neil* requires the same analysis. The property owners in *O'Neil* successfully enforced restrictive covenants limiting the affected property to residential use. Although the non-conforming use had begun more than ten years prior to the filing of the plaintiffs' suit, the defendants' statute of limitations argument was specifically rejected:

> [C]ovenants restricting the use of property are generally held to be covenants running with the land, ... such covenants are binding upon the successors in interest to the parties, although there was no privity of interest between such successors and the original parties. The portion of the restricted agreement would be as binding upon subsequent owners as on the original parties to the agreement.

*O'Neil,* 1944 OK 26 at ¶ 29, 145 P.2d at 417.

■■■ ¶ 9 From these authorities, it is clear that restrictive covenants, although created by private contract, create an interest in the property affected. That property interest is protectable as are other property inter-

ests. Consequently, an action to enforce restrictive covenants is an equitable action, which may be subject to equitable defenses,[5] but it is not subject to a statute of limitations defense. Further, Vranesevich has not sued for monetary damages. The breach of covenant on which he relies is continuing. If it exists, it was created when the home was placed on Craft's property and continues so long as the home remains. "[T]he right to maintain an action for [a continuing] breach continues so long as the breach continues, and plaintiff is damaged thereby." *Indian Terr. Illuminating Oil Co.,* 1941 OK 410 at ¶ 5, 190 Okla. 46, 120 P.2d at 352. Summary judgment regarding Vranesevich's breach of restrictive covenant claim based on application of a five-year statute of limitations was not proper.

## II. The Nuisance Claim

■■■ ¶ 10 Further, Vranesevich alleges that Craft is maintaining a nuisance. Although the restrictive covenants specifically prohibit such conduct, the maintenance of a nuisance may exist regardless of whether Craft has violated the restrictive covenants. Title 50 O.S.2001 § 1 defines a nuisance:

> A nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission either:

> First. Annoys, injures or endangers the comfort, repose, health, or safety of others;

> . . . .

For example, the operation of an otherwise lawful sanitation plant but with insufficient capacity or inadequate procedures may constitute a nuisance. *See Theatre Estates, Inc. v. Village,* 1969 OK 183, 462 P.2d 651. Likewise, operation of a salvage yard business, though "of itself lawful," may constitute a nuisance. *Winningham v. Rice,* 1955 OK 108, ¶ 7, 282 P.2d 742, 744. Craft has a duty to comply with the restrictive covenants and her failure to do so may constitute a nui-

---

5. In addition to the statute of limitations defense, the defendants' laches defense was rejected in *O'Neil* as well. The property owners only sought to prevent the continued use of the property in violation of the restrictive covenants rather than to enjoin the maintenance of improvements erected in violation of the covenants or to recover monetary damages for the violation. The defendants did not show that they were surprised or would suffer injury because of the plaintiffs' delay in bringing their suit. Consequently, the defendants failed to prove their laches defense, and the trial court's injunction was affirmed.

sance. Vranesevich is entitled to sue for abatement of a private nuisance. 50 O.S. 2001 §§ 13–14.

■ ¶ 11 We find *Moneypenney v. Dawson*, 2006 OK 53, 141 P.3d 549, instructive. That case held it was error to dismiss a land owner's petition based on the statute of limitations because it was unclear whether the water damage resulting from the defendant's alleged alteration of the natural water drainage was permanent or temporary. "As a general proposition, '[w]hen a cause of an injury is abatable either by an expenditure of labor or money, it will not be held permanent.' Further, both temporary and permanent damage may be caused or arise from a temporary, *i.e.*, abatable nuisance or trespass." *Id.* at ¶ 9, 141 P.3d at 553 (citation omitted). *See also N.C. Corff Partnership, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, ¶ 15, 929 P.2d 288, 293 (correctly stating, according to the Supreme Court in *Moneypenny*, the general rule that the two-year statute of limitations applicable to actions for temporary damages resulting from a nuisance does not bar the action but only recovery for damages occurring more than two years prior to filing of the suit).

¶ 12 As noted by Vranesevich, Craft's motion for summary judgment does not address the nuisance issue. The nature of the alleged nuisance is not apparent from Vranesevich's petition or his objection to Craft's motion.[6] Nonetheless, in response to Craft's motion for summary judgment, Vranesevich followed the procedure set out in Okla. Dist. Ct. R. 13(b), 12 O.S. Supp.2008, ch. 2, app., by requesting additional time to conduct discovery in order to prepare a response to Craft's summary judgment motion. The district court found that the requested discovery was not relevant. Nonetheless, the summary judgment record produced by Craft does not preclude a claim for abatement of a nuisance even if that nuisance was created more than five years prior to the filing of Vranesevich's initial suit. Consequently, summary disposition of this issue by the district court is not appropriate.

---

**6.** Vranesevich asserts in his petition in error that this claim relates to Craft's failure to clear trash and storm debris from her property. A party opposing summary judgment may not rely on

## CONCLUSION

¶ 13 Although a restrictive covenant affecting the use of real property is created by contract, the property interest created thereby "runs with the land." Consequently, Vranesevich's suit to enjoin an alleged breach of restrictive covenants is not barred by the five-year statute of limitations applicable to written contracts. Likewise, he may maintain an action to abate a private nuisance, subject to any defenses Craft may assert. The judgment of the district court is reversed, and this case is remanded for further proceedings.

¶ 14 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

GABBARD, P.J., and RAPP, J., concur.

appeal "on any fact or material that is not referred to or included" in the party's response to a motion for summary judgment. Okla. Dist. Ct. R. 13(b), 12 O.S. Supp.2008, ch. 2, app.